Betty B. MILLS and MacDonald Gallion ex rel. the State of Alabama, Plaintiff-Appellant,

v.

BIRMINGHAM BOARD OF EDUCATION, etc., et al., Defendants-Appellees.

No. 71–1116.

United States Court of Appeals, Fifth Circuit.

Sept. 27, 1971.

Rehearing and Rehearing En Banc Denied Nov. 8, 1971.

Hugh A. Locke, Jr., Palmer W. Norris, Birmingham, Ala., for plaintiff-appellant.

Reid B. Barnes, William G. Somerville, Jr., C. John Holditch, Lange, Simpson, Robinson & Somerville, Birmingham, Ala., for appellees.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

The order appealed from dismissed this action on the pleadings without a trial. While in bulk it was correct and is affirmed, we must vacate one portion and remand the cause so that the plaintiffs may have the opportunity to adduce hard evidence to support the broad allegations of paragraph 6 of the complaint.*

The inception of our problem was this Court's mandate in Singleton v. Jackson Municipal Separate School District, 419 F.2d 1211 (5th Cir. 1969), for racially-balanced public school faculties. On June 19, 1970, the dictates of this decision became embodied in a decree applicable to the defendant Board of Education in the case of Armstrong, et al. v. The Board of Education of the City of Birmingham, Alabama. Under this Order, the plaintiff-teacher in the case sub judice was one of a number of teachers in the Birmingham system who were transferred by the Board of Education from the school at which she had taught for several previous years. The numerous transfers required by the school board in discharging its court mandated duties provoked widespread reaction among the system's teachers, who had acquired tenure in their positions under Alabama law. The school board moved the *Armstrong* court for a more adequate explication of its duties. On September 3, 1970, the district court entered another order in *Armstrong* which stated that faculty and staff mem-

---

* Under the stringent requirements of Alexander v. Holmes County Board of Education, 396 U.S. 19, 90 S.Ct. 29, 24 L. Ed.2d 19 (1969), which this Court has carried out in United States v. Hinds County School Board, 5 Cir. 1969, 417 F. 2d 852, and of Carter v. West Feliciana Parish School Board, 396 U.S. 290, 90 S.Ct. 608, 24 L.Ed.2d 477 (1970), implemented in Singleton v. Jackson Municipal Separate School District, 5 Cir. 1970, 419 F.2d 1211, this Court has judicially determined that the ordinary procedures for appellate review in school desegregation cases have to be suitably adopted to assure that each system whose case is before us "begin immediately to operate as unitary school systems". Upon consideration of the parties' memoranda and so much of the record as is available or determined to be needed by the Court, the Court has proceeded to dispose of this case as an extraordinary matter. Rule 2, F.R.A.P.

bers who refused to accept their new assignments under board ordered transfers within five days of the court's Order were to be terminated, and that neither the substantive nor the procedural provisions of Sections 355–361, Title 51 of the Alabama Code of 1940 (the Alabama Teacher Tenure Act)[1] were applicable to such transfers.

The plaintiff-teacher advised the board that she still refused to accept her new assignment. The School Board thereupon notified her that she had to report to her new teaching assignment by the morning of September 8, 1970 or have her employment terminated. She continued to refuse to so report and instead, together with the Attorney General of the State of Alabama, on September 11, 1970, filed this suit in the Chancery division of the Circuit Court of the 10th Judicial Circuit of Alabama, principally seeking to enjoin the Board from transferring her. The Circuit Court, acting ex parte in a proceeding held on the date the complaint was filed, granted the requested injunction conditioned upon the filing of a 250 dollar bond.

On September 14, 1970, prior to the posting of the required bond, the School Board removed the case to the court below on the ground that the purpose and effect of the suit was the nullification and circumvention of that court's faculty desegregation order of June 19, 1970. The Board simultaneously moved to dismiss the action. The plaintiff-teacher and Attorney General filed a motion to remand.

Insofar as the complaint sought and resulted in injunctive relief preventing the School Board's strict compliance with the uniform faculty assignment provisions of *Singleton, supra,* the district court's order of dismissal was entirely correct. The School Board had a duty of compliance with the Constitutional mandate of *Singleton* that could not be avoided through the use of any local tenure or teacher hiring-security statutes. United States v. Board of Education of City of Bessemer, 396 F.2d 44 (5th Cir. 1968); *see also* United States v. Indianola Municipal Separate School Dist., 410 F.2d 626 (5th Cir. 1970), United States v. Greenwood Mun. Sep. School Dist., 406 F.2d 1086 (5th Cir. 1969) and Montgomery County Bd. of Ed. v. Carr, 400 F.2d 1 (5th Cir. 1968). Thus the district court properly dismissed the portion of the complaint that sought injunctive relief against immediate compliance with the School Board's order. The allegations contained in a portion of the sixth paragraph of the complaint charged that the plaintiff-teacher's transfer was not necessitated by the district court's order in *Armstrong,* but was made for political or personal reasons in unnecessary violation of the Alabama Teacher Tenure Act.[2] It should also be noted that in addition to injunctive relief, the com-

---

1. Basically, § 355 of this Act proscribes the transfer of a tenured teacher for political or personal reasons. The remaining sections set out a procedure for teachers who enjoy tenure status to contest their transfers by a school board and to suspend the effectiveness of their transfer while the procedures are pursued.

2. This portion provided:

    Complainant alleges that in the transfer of this complainant it was not necessary to violate the Alabama Tenure Act to break this complainant's contract in order for the Birmingham Board of Education to comply even with the order of the Federal Court. Complainant alleges that it is not necessarily inconsistent to devise a plan in compliance with the Alabama Tenure Act and compliance even with the Federal Court Order. Complainant alleges that there are incidents of white teachers replacing white teachers at her school with less years of seniority and teaching experience, and black teachers have replaced black teachers. Complainant further alleges that relatives of Board members have remained at schools, and heads of departments have been transferred out. Complainant alleges that these actions violate the Alabama Tenure Act. The Birmingham Board of Education should be required to conform with the Alabama Tenure Act.

plaint prayed for the return of the plaintiff-teacher's teaching position, back pay for the 1970–71 school year, and for such general relief as might be mete and proper in the premises.

Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), supplemented by this Court's long line of decisions concerning dismissals on pleadings—*see, e. g.,* Pred v. Board of Public Instruction of Dade County, Fla., 415 F.2d 851 (5th Cir. 1969), announce this rule for testing the merits of a motion to dismiss on the basis of the pleader's statements alone:

> In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. [355 U.S. at 45, 78 S.Ct. at 102]

If the plaintiff-teacher can show that it was possible for the School Board to comply with the provisions of the Alabama Teacher Tenure law which forbids transfers for personal or political reasons while carrying out the order of the court; that is, she can show that her transfer—assertedly in compliance with the district court's order—was in fact motivated by nepotism or personal or political improprieties rather than court ordered racial balance, she would establish a right to reinstatement to her former teaching station and possibly to back pay, if she accepted a lower paying job or became unemployed as a result of her refusal to accept an illegal assignment. While the supremacy clause of the federal Constitution invalidates State laws to the extent that they frustrate the implementation of a Constitutional mandate, those laws remain fully valid, mandatory and binding upon the State authorities to the extent that compliance with them does not nullify or frustrate the supreme commands of the federal Constitution. This is a part of what the plaintiff-teacher alleged and what she was entitled to try to prove. The order of the district court which denied this right to her was erroneous.

■ One final question remains. Should this issue be tried in the court below or remanded to the State Circuit Court from whence it was removed? The district court undoubtedly had jurisdiction of the removed action under 28 U.S.C.A. § 1443, as well as under 28 U.S.C.A. § 1441(c). The district court had jurisdiction of the cause and having an injunctive order outstanding in this specific area, we have no doubt that the district court should retain jurisdiction of the cause and proceed with the hearing of this residual issue.

That portion of the court's final order dismissing the portion of the complaint set out in *n.* 2, *supra,* and the plaintiff-teacher's consequent claim to a right to be returned to her teaching station with back pay for the 1970–71 school year, or for general relief, must be vacated and the cause remanded for further proceedings not inconsistent with this opinion. The cost of this appeal shall be equally divided between the parties.

Affirmed in part and in part vacated and remanded with directions.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.