In the Matter of the Application of the **BUFFALO TEACHERS FEDERATION**

and

**Carol Bauda, Marjorie Aversano, Theodora Annas, Individually and on behalf of all other employees of the Board of Education of the City of Buffalo similarly situated, Petitioners,**

v.

**BOARD OF EDUCATION OF the CITY OF BUFFALO, Respondent.**

No. Civ–79–684.

United States District Court, W. D. New York.

Oct. 3, 1979.

---

Paul E. Klein, Gen. Counsel, New York Educators Association, Buffalo, N. Y., (Robert D. Clearfield, Buffalo, N. Y., of counsel), for petitioners.

Joseph P. McNamara, Corp. Counsel, Buffalo, N. Y. (William E. Carey, Buffalo, N. Y., of counsel), for respondent.

David Gerald Jay, Buffalo, N. Y., for intervenors (Plaintiffs in Arthur v. Nyquist, Civ–1972–325).

CURTIN, Chief Judge.

Petitioners commenced this proceeding in New York Supreme Court, County of Erie. The petitioners are the Buffalo Teachers Federation ["BTF"] and certain named individuals. The respondent is the Board of Education of the City of Buffalo ["Board"]. On September 5, 1979, the Honorable Joseph S. Mattina issued an order to show cause and temporary restraining order restraining the Board from taking any action contrary to the New York State Education Law or to the terms of the collective bargaining agreement between the BTF and the Board.

On September 7, 1979, the Board filed a petition to remove the matter to federal district court. The plaintiffs in *Arthur v. Nyquist,* Civ–1972–325, a school desegregation suit pending in this court, thereafter were granted leave to intervene in this action. The Board and these plaintiffs then joined in a motion to dissolve the temporary restraining order issued by Justice Mattina. On September 7, 1979, the state court's temporary restraining order was dissolved insofar as it conflicts with the March 26, 1979 order of this court in *Arthur v. Nyquist.* The BTF has filed a timely motion to remand this proceeding to state court. Oral arguments on this motion, and on the *Arthur* plaintiffs' motion to add the BTF as a party defendant in *Arthur v. Nyquist,* were heard on September 21, 1979 and decision was reserved.

In order to understand the issues presented, it is necessary to take notice of proceedings in the pending related case, *Arthur v. Nyquist.* In an opinion filed on April 30, 1976, the City of Buffalo and Board were found liable for creating and maintaining a segregated school system. *Arthur v. Nyquist,* 415 F.Supp. 904 (W.D.N.Y.1976). One of the principal acts of segregation upon which the court based its decision was the discrimination against minority teachers in the Board's hiring and assignment practices. After considerable delay by the defendants, and after several remedy orders and plans affecting students, the court directed the defendants to design and implement an affirmative action plan for its administrative, teaching and other staff. *See Order of March 26, 1979.* In accordance

with the defendants' proposal, the court directed them to hire and to promote one qualified minority for every non-minority in the identified job categories until the long-range goal of having the percentage of minorities on the staff reflect the minority presence in the city as a whole has been achieved. *Id.*, at 9. The order states:

The one-for-one interim goal shall also apply to the rehiring of provisional teachers and to the rehiring of nontenured teachers who were laid off as a result of the budget cutbacks instituted in July, 1978.

*Id.* The Board represents that in conformance with this order it placed 91 minority individuals, as well as 171 majority persons, in temporary positions on its instructional staff for the 1979–1980 school year. *See* Board's Memorandum, submitted September 21, 1979, at 2. It was against this background that the BTF and the named individuals commenced this action in State Supreme Court.

The BTF essentially alleges two causes of action. First, on behalf of certain individuals, it claims that the Board has violated § 2573, subd. 10–a of the New York Education Law by not appointing as probationary teachers, where permanent vacancies exist, certain qualified people who had met the requirements of state law and who had been placed on their respective eligibility lists. Second, the BTF alleges that the Board has violated the collective bargaining agreement which exists between them. It claims that persons on the eligibility list, passed over in the hiring for this school year, have vested rights under the bona fide seniority system established pursuant to that collective bargaining agreement which cannot be ignored and which this court's order of March 26, 1979 does not affect.

The question presented by plaintiffs' petition to remand is whether their action was properly removed. 28 U.S.C. § 1443(2) authorizes the removal of certain civil rights cases. That section provides:

Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the de-

fendant to the district court of the United States for the district and division embracing the place wherein it is pending:

\*    \*    \*    \*    \*    \*

(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

Plaintiffs correctly point out that this provision is more limited than it appears on its face, and some discussion is required.

The first or "color of authority" clause of § 1443(2) is available only to "federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *Greenwood v. Peacock,* 384 U.S. 808, 824, 86 S.Ct. 1800, 1810, 16 L.Ed.2d 944 (1966). The second or "refusal to act" clause of this subsection provides a right of removal only to state officers or to a public employer when they have declined to follow state law requirements which are inconsistent with the obligations imposed upon them by a federal law protecting equal rights. *Greenwood, supra,* at 824, n. 22, 86 S.Ct. 1800; *Armeno v. Bridgeport Civil Service Comm'n,* 446 F.Supp. 553, 557 (D.Conn.1978). Although neither the Board nor the intervenor has been specific as to which clause of § 1443(2) is relied upon, this action is removable under either one.

With respect to the "color of authority" clause of § 1443(2), it has been held that school officials carrying out a court-ordered school desegregation plan are persons authorized to act for a federal officer, as that clause was interpreted in *Greenwood v. Peacock, supra;* the federal officer in such a situation is the court. *Burns v. Board of School Commissioners,* 302 F.Supp. 309, 312 (S.D.Ind.1969), *aff'd,* 437 F.2d 1143 (7th Cir. 1971); *see Armeno, supra,* at 557; *see also Bohlander v. Independent School District No. One,* 420 F.2d 693 (10th Cir. 1969). This principle requires that the state officials acting for the court are implementing a law providing for equal rights. Although there

may be some reservations with respect to 42 U.S.C. § 1983 [*see New York v. Galamison,* 342 F.2d 255, 271 (2d Cir. 1965)], this requirement is satisfied in this case because the complaint in *Arthur* was based, *inter alia,* on § 1981 which clearly qualifies. *Armeno, supra,* at 556–57, nn. 1 and 2. Since the Board asserts that the actions for which they have been sued by the BTF in state court were attempts to carry out the affirmative directions of this court's March 26, 1979 order, the Board had the right to remove the action to federal court under the first clause of § 1443(2).

■ The court also concludes that removal was proper under the "refusal to act" clause of § 1443(2). The Board contends that if they have failed to follow the requirements of state law, this was because the requirements were inconsistent with its obligations under this court's order and federal equal rights laws. The state defendant caught between the conflicting requirements of a federal order and of state law can remove pursuant to this second clause. *Burns, supra,* at 312; *see Armeno, supra,* at 558. The BTF argues that the court's order of March 26, 1979 does not really conflict with the Board's obligations under state law and did not invalidate the collective bargaining agreement. These arguments are unpersuasive and also puzzling, given the very institution of this action for relief by the BTF. The BTF and the individual plaintiffs may well have legitimate questions with respect to actions taken by the Board to implement its affirmative action steps. But, in light of the court's order and the Board's representations that its actions were in compliance with that order, the Board was entitled to remove the matter to this court for resolution. *Mills v. Birmingham Bd. of Education,* 449 F.2d 902, 904–05 (5th Cir. 1971).

■ Also to be decided is the motion by the plaintiffs in *Arthur v. Nyquist, supra,* to join the BTF as a defendant party in that case. In order to ensure that the BTF receives complete notice of the proceedings and orders in the *Arthur* case and so that it can present its position, this motion is

granted. At this point in time, if the BTF has any evidence that the Board has not complied with the terms of this court's order of March 26, 1979, the BTF should submit it to the court. Finally, *BTF v. Board of Education,* Civ–79–684, is ordered consolidated with *Arthur v. Nyquist,* Civ–1972–325.

So ordered.