**RESIDENT ADVISORY BOARD et al.**

v.

**Frank L. RIZZO et al.**

**Robert McQUILKEN et al.**

v.

**A&R DEVELOPMENT CORP. et al.**

**Civ. A. Nos. 81–0419, 71–1575.**

United States District Court,
E. D. Pennsylvania.

March 23, 1981.

---

Jonathan M. Stein and Harold R. Berk, Community Legal Services, Philadelphia, Pa., for Resident Advisory Bd.

Alan J. Davis, City Sol., Mark A. Aronchick, Asst. City Sol., Philadelphia, Pa., for City of Philadelphia.

Harold Cramer and Arthur W. Lefco, Philadelphia, Pa., for Philadelphia Housing Authority.

Peter F. Vaira, U. S. Atty., Walter T. Batty, Asst. U. S. Atty., Philadelphia, Pa., for Housing and Urban Development.

Peter A. Galante, Philadelphia, Pa., for Redevelopment Authority.

Joseph M. Gindhart, Philadelphia, Pa., for McQuilkens and Whitman Council, formerly Whitman Area Improvement Council.

Richard S. Meyer, Stephen J. Harmelin, Thomas J. Bender, Jr., Philadelphia, Pa., for Jolly Construction Co. and A & R Development, Inc.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

On February 5, 1981, the Whitman Council, Inc., defendants in *Resident Advisory Board v. Rizzo*, and the McQuilkens, plaintiffs in *McQuilken v. A&R Development Corporation*, requested this Court to recuse

itself in both cases. In *Resident Advisory Board v. Rizzo* the motion for recusal comes after 10 years of litigation and more than 4 years after the issuance of this Court's original injunctive Order mandating the construction of the townhouses on the Whitman Park construction site. In support of their motions the Whitman Council and the McQuilkens have filed affidavits in which it is alleged that this Court is biased in favor of building the Whitman Park townhouses as required by its prior Orders and that the Court has prejudged the question of whether construction of the townhouses should continue if it appears that such construction activity will cause deterioration of surrounding homes. In a supplemental petition filed without affidavit on February 17, 1981, the Whitman Council and the McQuilkens quote portions of the record of a conference held by this Court in chambers on February 6, 1981 and repeat their allegations of bias on the part of the Court.

The motions for recusal are based on prior Orders of the Court concerning the building of the Whitman Park townhouses and on the proceedings at recent conferences held in chambers at which the Court was informed that construction activities on the Whitman Construction Site allegedly had caused damage to homes surrounding the site. At the conclusion of a conference held on January 28, 1981, to discuss security problems at the construction site, an Assistant City Solicitor first brought to the attention of the Court a complaint concerning alleged damage to the structure of a home in the vicinity of the construction site. In the evening of January 29, 1981, the attorney for the Philadelphia Housing Authority telephoned the Court, explained that an emergency existed concerning the condition of one of the homes near the construction site, and requested a meeting with the Court in chambers on the following morning to discuss the matter. At 9:00 a. m. on Friday, January 30, 1981, the Court was advised in a conference in chambers that an emergency existed in that the pile driving activities at the Whitman site were allegedly creating a condition which might cause the McQuilken home at 2643 South 2nd

Street to collapse and thus endanger the McQuilken family. It was then orally stipulated and agreed by the parties that all construction activity at the Whitman site should cease, that steps should immediately be taken to ensure the safety of the McQuilken family, and that engineering studies should be commenced immediately to ascertain the damages if any to the McQuilken home and other houses in the vicinity of the Whitman site. On the basis of this stipulation the Court ordered that all construction activity at the Whitman site should cease, that steps should immediately be taken to insure the safety of the McQuilken family, and that engineering studies should be commenced immediately to ascertain the damage if any to the McQuilken home and other houses in the vicinity of the Whitman site. The Court concluded that counsel for the Whitman Council should be immediately informed of these matters. Coincidentally, within a few minutes thereafter, counsel for the Whitman Council arrived at the meeting. In his presence the Court confirmed the understanding that no further construction activity would take place until engineering studies had been conducted of the conditions of the homes surrounding the Whitman Construction Site. Two days later, on Sunday, February 1, 1981, the McQuilkens obtained a temporary restraining order in the Court of Common Pleas of Philadelphia County in *McQuilken v. A&R Development Corporation* that all construction activity on the Whitman site should cease. The *McQuilken* case was removed to this Court on February 3, 1981, and this Court has scheduled a hearing on the McQuilken request for injunctive relief on Tuesday, March 24, 1981.

The Court held further conferences in chambers on February 2, February 6, February 11, and March 5, 1981, to receive the engineering reports concerning the condition of the McQuilken home and the other houses surrounding the Whitman site. At the March 5 conference, which was attended by all parties, the engineers reported to the Court that the McQuilken property had been made safe for occupancy and that the

resumption of limited construction activities on the northern half of the Whitman site would not in any way endanger the people in the area or the properties in the vicinity of the Whitman site. On March 8, 1981, this Court issued a temporary restraining order prohibiting pile driving or any other construction activity on the Whitman site which would generate vibrations of such a level as would endanger the people in the area or the properties in the vicinity of the Whitman site and thus cause irreparable harm. The temporary restraining order did not prohibit resumption of limited construction activities, such as the plumbers and electricians proceeding with the installation of the required ground work and the completion of the pouring of concrete, provided that such limited activities did not generate vibrations of such a level as would endanger the people in the area or the properties in the vicinity of the Whitman site. The temporary restraining order was extended on March 18, 1981 until 7:00 a. m. on March 29, 1981.

Neither the Whitman defendants nor the McQuilkens cite any statute in support of their motions for recusal, but there are only two statutes on which their motions could be based—28 U.S.C. §§ 144 and 455. Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files *a timely and sufficient affidavit* that the judge before whom the matter is pending has a *personal* bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

> The affidavit shall state the *facts* and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a

certificate of counsel of record stating that it is made in good faith.

Section 455 provides in relevant part:

> (a) Any justice, judge or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might *reasonably* be questioned.

> (b) He shall also disqualify himself in the following circumstances:

>> (1) Where he has a *personal* bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
>> . . . . (emphasis added).

The Third Circuit has concluded that both statutes require the same type of bias for recusal. *Johnson v. Trueblood,* 629 F.2d 287 (1980). "[O]nly extrajudicial bias requires disqualification. . . . 'Extrajudicial bias' refers to a bias that is not derived from the evidence or conduct of the parties that the judge observes in the course of the proceedings. . . . Normally the judge's rulings at trial do not constitute grounds for recusal because they can be corrected by reversal on appeal." *Id.* at 290–91. The Circuit Court further stated that a judge's statements concerning a case are not necessarily "extrajudicial" merely because they are made, *e. g.,* at a pretrial settlement conference. "The relevant inquiry is whether the trial judge's pretrial comments were linked to his evaluation of the case based on the pleadings and other materials outlining the nature of the case, or whether the comments were based on purely personal feelings towards the parties and the case." *Id.* at 291. *See also United States v. Grinnell Corporation,* 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1966) ("The alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case.")

██ The mere filing of an affidavit under 28 U.S.C. § 144 does not automatically disqualify a judge from hearing a case. *United States v. Townsend, supra,* 478 F.2d at 1073. A judge has not only the right but the duty to examine the affidavit to deter-

mine whether it is timely and sufficient. *Id.* The affidavit must set forth "facts, including time, place, persons and circumstances." *Id.* at 1073–74. Mere conclusory allegations are not sufficient. In light of the law of disqualification as outlined above, the Court will evaluate the legal sufficiency of the Whitman defendants' affidavit. In so doing the Court may not question either the truth of the allegations therein or the good faith of the pleader. *Id.* at 1073; *Simmons v. United States*, 302 F.2d 71, 75 (3d Cir. 1962). Section 144 "withdraws from the presiding judge a decision upon the truth of the matters alleged" in an affidavit filed pursuant to that statute. *Berger v. United States*, 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481 (1921); *United States v. Townsend, supra*, 478 F.2d at 1073. The Court will also determine, pursuant to 18 U.S.C. § 455, whether recusal is warranted.

The motions for recusal rely on this Court's Orders that the Whitman Park townhouses be built and on the proceedings at the recent conferences held in chambers at which the Court received engineering reports concerning the condition of the McQuilken home and of other houses in the vicinity of the Whitman site. It is clear that none of this Court's actions or statements upon which the Whitman defendants rely are extrajudicial. That this Court has ordered the building of the townhouses certainly does not indicate the extrajudicial bias required for recusal. Indeed, every action and statement attributed to this Court by the Whitman defendants arose in the course of official judicial activity. Judicial activity includes participation in and statements made at in-chambers conferences. *Johnson v. Trueblood, supra*, 629 F.2d at 291. Because only extrajudicial bias, that is bias which is not derived from the evidence or conduct of the parties that the judge observes in the course of the proceedings can serve as a basis for recusal under 28 U.S.C. § 144 and § 455, and because the motions for recusal herein rely only on Orders of this Court and on proceedings at conferences in chambers, this Court has determined that the recusal mo-

tions are insufficient as a matter of law to justify disqualification of this Court in *Resident Advisory Board v. Rizzo* and in *McQuilken v. A&R Development Corporation*

These motions to recuse filed on February 5, 1981 on behalf of the Whitman residents based on the conferences held in chambers on January 30 and February 2, 1981, were somewhat surprising in that all the statements made by the Court at these conferences were directed toward having all construction cease to ensure the safety of the McQuilken family and the property of other residents in the vicinity of the Whitman site until such time as the engineering studies could be completed to ascertain the damages if any that the construction was causing to the homes in the area.

An Order will be entered denying the motions to recuse of the Whitman Council and the McQuilkens.