**Robert McQUILKEN et al.**

**v.**

**A&R DEVELOPMENT CORP. et al.**

**Civ. A. No. 81–0419.**

United States District Court,
E. D. Pennsylvania.

March 26, 1981.

Joseph M. Gindhart, Philadelphia, Pa., for plaintiffs.

Richard S. Meyer, Thomas J. Bender, Jr., Philadelphia, Pa., for defendants.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

The plaintiffs have filed a motion to remand this case to the Court of Common Pleas of Philadelphia County; the defendants A&R Development Corporation (A&R) and Jolly Company, Inc. (Jolly) have filed a motion to dismiss the complaint pursuant to F.R.Civ.P. 12(b)(7) for failure to join the U. S. Department of Housing and Urban Development (HUD), the City of Philadelphia (the City), and the Redevelopment Authority of the City of Philadelphia (RDA) as necessary and indispensable parties within the meaning of F.R.Civ.P. 19; the defendant Philadelphia Housing Authority (PHA) has filed a motion to dismiss the complaint as to it pursuant to F.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted or in the alternative to join HUD as a third party defendant; and the Resident Advisory Board has filed a motion to intervene pursuant to F.R.Civ.P. 24(a)(2).

The plaintiffs filed a Complaint in Equity in which they allege that A&R and Jolly are causing immediate and irreparable harm to their homes by the construction activities at the Whitman Park site, including pile driving and the operation of heavy construction equipment, and they request the Court preliminarily and permanently to enjoin all construction activities at the Whitman site and to grant such other relief as may be just and equitable including damages.

This Court first learned of possible damage to a home in the vicinity of the construction site at the conclusion of a conference held on January 28, 1981, in the case of *Resident Advisory Board v. Rizzo*, D.C., 510 F.Supp. 793, to discuss security problems at the construction site. In the evening of January 29, 1981, the attorney for the Philadelphia Housing Authority telephoned the Court, explained that an emergency existed concerning the condition of one of the homes near the construction site, and requested a meeting with the Court in chambers on the following morning to discuss the matter. At 9:00 a. m. on Friday, January 30, 1981, the Court was advised in a conference in chambers that an emergency existed in that the pile driving activities at the Whitman site were allegedly creating a condition which might cause the McQuilken home at 2643 South 2nd Street to collapse and thus endanger the McQuilken family. It was then orally stipulated and agreed by the parties that all construction activity at the Whitman site should cease, that steps should immediately be taken to ensure the safety of the McQuilken family, and that engineering studies should be commenced immediately to ascertain the damages if any to the McQuilken home and other houses in the vicinity of the Whitman site. On the basis of this stipulation the Court ordered that all construction activity at the Whitman site should cease, that steps should immediately be taken to insure the safety of the McQuilken family, and that engineering studies should be commenced immediately to ascertain the damage if any to the McQuilken home and other houses in the vicinity of the Whitman site. The Court stated that counsel for the Whitman Residents should be immediately informed of these matters. Within a few minutes thereafter, counsel for the Whitman Residents arrived at the meeting. In his presence the Court confirmed the understanding that no further construction activity would take place until engineering studies had been conducted of the conditions of the homes surrounding the Whitman Construction Site. Two days later, on Sunday, February 1, 1981, the McQuilkens obtained a temporary restraining order from the Court of Common Pleas of Philadelphia County in this case ordering that all construction activity at the Whitman site should cease. This case was removed to this Court on February 3, 1981, and a hearing was scheduled pursuant to F.R.Civ. 65(a)(2) in connection with the plaintiff's request for a preliminary and permanent injunction.

The Court held further conferences in chambers on February 2, February 6, February 11, and March 5, 1981, to receive the engineering reports concerning the condition of the McQuilken home and the other houses surrounding the Whitman site. At the March 5th conference, which was attended by all parties, the engineers reported to the Court that the McQuilken property had been made safe for occupancy and that the resumption of limited construction activities on the northern half of the Whitman site would not in any way endanger the people in the area or the properties in the vicinity of the Whitman site. On March 8, 1981, this Court issued a temporary restraining order prohibiting pile driving or any other construction activity on the Whitman site which would generate vibrations of such a level as would endanger the people in the area or the properties in the vicinity of the Whitman site and thus cause irreparable harm. The temporary restraining order did not prohibit resumption of limited construction activities, such as the plumbers and electricians proceeding with the installation of the required ground work and the completion of the pouring of concrete, provided that such limited activities did not generate vibrations of such a level as would endanger the people in the area or the properties in the vicinity of the Whitman site. The temporary restraining order was extended by Chief Judge Lord on March 18, 1981 until 7:00 a. m. on March 29, 1981. On March 23, 1981, this Court heard oral argument in connection with all four motions filed in this matter.

This case was assigned to this Court as "related" to *Resident Advisory Board v. Rizzo*, D.C., 510 F.Supp. 793. It was on

November 5, 1976 that this Court filed findings of fact and conclusions of law and entered an injunctive Order in *RAB v. Rizzo.* The Court's Order directed PHA, RDA, the City and HUD to proceed immediately with all necessary steps for the construction of 120 townhouses at Whitman Park. (D.C., 425 F.Supp. 987). The Third Circuit affirmed the above Order on August 31, 1977 (564 F.2d 126) and *certiorari* was denied by the United States Supreme Court on February 27, 1978. (435 U.S. 908, 98 S.Ct. 1457, 55 L.Ed.2d 499). As pointed out by the Third Circuit, this Court found that the City had violated the Civil Rights Act of 1866 (42 U.S.C. §§ 1981 and 1982) by depriving plaintiffs of constitutional rights guaranteed by the Thirteenth and Fourteenth Amendments because the actions of the City had a racially discriminatory impact and were taken with a discriminatory purpose. (564 F.2d at 140). The Circuit Court also pointed out that this Court found that both PHA and RDA had violated Title VIII of the Civil Rights Act of 1968, 42 U.S.C. §§ 3601 et seq., by denying Whitman housing to blacks. (*Id.* at 145). In addition, this Court found that HUD had violated Title VIII of the Civil Rights Act of 1968 by failing to fulfill its obligation to act affirmatively to promote integration in connection with this federally assisted housing program at Whitman Park.

### I. *Motion to Remand*

■ Plaintiffs have moved to remand this case to the Court of Common Pleas of Philadelphia County on the ground that the removal statutes (28 U.S.C. §§ 1441(b) and 1443(2) are not applicable. The Court has determined that the defendants were entitled to removal pursuant to either or both of the above statutes.

The defendants were entitled to removal pursuant to Section 1443(2) in that the thrust of the Complaint in Equity filed by the plaintiffs is to enjoin all construction activities in connection with the building of the 120 townhouses on the Whitman site which construction was proceeding pursuant to an affirmative Order of this Court issued pursuant to the Constitution and laws of the United States providing for equal rights. Section 1443(2) provides in relevant part:

Any of the following civil actions . . ., commenced in State Court may be removed by the defendants to the District Court of the United States for the district and division embracing the place wherein it is pending:

(2) For any act under color of authority derived from any law providing for equal rights, . . . .

It is clear from the cases which have construed Section 1443(2) that the defendants in this action were entitled to remove the case to this Court in that PHA, one of the defendants, was ordered by this Court to proceed with construction and the other two defendants—the developer and the contractor—were engaged to construct the 120 townhouses pursuant to proceedings before this Court in connection with the Court's injunctive Order which as heretofore pointed out was based upon the Constitution and laws of the United States providing for equal rights. *Greenwood v. Peacock,* 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966); *Bohlander v. Independent School District No. 1 of Tulsa Co., Okl.,* 420 F.2d 693 (10th Cir. 1969); *Buffalo Teachers Federation v. Board of Education,* 477 F.Supp. 691 (W.D.N.Y.1979); *Burns v. Board of School Com'rs. of Indianapolis, Inc.,* 302 F.Supp. 309 (S.D.Ind.1969), *aff'd,* 437 F.2d 1143 (7th Cir. 1971). A&R is the developer pursuant to a contract with PHA, a copy of which is attached to the plaintiffs' complaint as Exhibit D. Jolly is the general contractor engaged to perform the construction work which this Court ordered at the Whitman site pursuant to a contract, a copy of which is attached to the plaintiffs' complaint as Exhibit E. Both contracts were entered into for the purpose of performing the obligations of the defendants under paragraph 1 of this Court's Order of November 5, 1976 in *RAB v. Rizzo, supra.* Furthermore, as reflected in the contracts attached to the McQuilkens' complaint, the Whitman Park townhouses are being built pursuant to an Annual Contributions Contract between HUD and PHA on land that was conveyed to A&R by RDA.

In *Bohlander v. Independent School District No. 1 of Tulsa Co., Okl., supra,* the Tenth Circuit held that the school board of Tulsa, Oklahoma could remove to federal district court pursuant to Section 1443(2) a state court action brought by patrons of a school district to enjoin the school board from implementing a portion of a plan to eliminate racial discrimination in its schools. The plan had been submitted to and approved by the United States District Court for the Northern District of Oklahoma in an action brought by the Attorney General of the United States pursuant to the Civil Rights Act of 1964. The Tenth Circuit held that the school board, in undertaking to carry out the directions of the federal court in an order which was authorized by federal civil rights statutes, was acting under color of authority derived from a law conferring specific rights of racial equality, because the school board was acting with and for federal officers in executing their duties under the Civil Rights Act of 1964. Similarly, in *Buffalo Teachers Federation v. Board of Education, supra,* the court held that where the school board asserted that the actions for which it had been sued by the teachers federation in state court were attempts to carry out an affirmative desegregation order of the federal court, the board had the right to remove the action under Section 1443(2). The court stated that the school officials were persons authorized to act for a federal officer under the "color of authority" clause of Section 1443(2) as that clause was interpreted in *Greenwood v. Peacock, supra,* and that in this situation the federal officer was the court.

As heretofore stated, 28 U.S.C. § 1441(b) also provides a basis entitling the defendants to remove this action to this Court. Plaintiffs in their complaint seek to enjoin all construction of the Whitman Park townhouses which construction was ordered by this Court in *RAB v. Rizzo, supra.* Section 1441(b) provides for removal of "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States ... with-

out regard to the citizenship or residence of the parties...." Although an action is not removable when the federal question appears only in the answer or in the petition for removal, nevertheless, as stated in 1A *Moore's Federal Practice* ¶ 0.160, at 185–87: "A suit may, however, be removed, where the real nature of the claim asserted in the complaint is federal, irrespective of whether it is so characterized; or where the plaintiff inadvertently, mistakingly or fraudulently conceals the federal question that would necessarily have appeared if the complaint had been well pleaded." The Court finds that the real nature of the claim asserted in the plaintiffs' complaint is federal.

The thrust of the complaint is clear. The plaintiffs seek to enjoin all construction activity at the Whitman site which construction activity was ordered by this Court in *RAB v. Rizzo, supra.* As pointed out in 7 *Moore's Federal Practice* ¶ 60.38[1] at 646–47: "[A]n action to enjoin or otherwise obtain relief from a federal judgment involves the validity of the judgment as a continuing obligation; the substantive principles of the action are federal; and, we believe, presents a general federal question. If the independent action is brought in a state court it may be removed to the appropriate federal court on the basis of a general federal question."

As heretofore pointed out, plaintiffs obtained a temporary restraining order stopping construction by filing this action in the Court of Common Pleas of Philadelphia County on Sunday, February 1, 1981, despite the fact that two days earlier, on Friday, January 30, 1981, plaintiffs' counsel was present at the conference at which this Court ordered that all construction activity at the Whitman site should cease until the safety of the McQuilken family and the safety of the homes in the area were ensured and until engineering studies could be made concerning the condition of the homes in the vicinity of the Whitman site. The Court also finds therefore that the plaintiffs inadvertently, mistakingly, or for some reason concealed the real nature of the claim by failing to point out in the com-

plaint that although the construction of the townhouses had been ordered by this Court, this Court had nevertheless ordered the construction to cease until engineering studies could be completed.

Accordingly, an Order will be entered by this Court denying the plaintiffs' motion to remand since the action was properly removed to this Court pursuant to either or both Sections 1441(b) and 1443(2).

II. *Motion to Dismiss for Failure to Join Necessary and Indispensable Parties*

■ Defendants A&R Development Corporation and Jolly Company, Inc. have moved pursuant to F.R.Civ.P. 12(b)(7) to dismiss the plaintiffs' complaint on the ground that the plaintiffs have failed to join HUD, RDA and the City as necessary and indispensable parties within the meaning of F.R.Civ.P. 19.

A&R is the developer on the Whitman site pursuant to a contract with PHA. Jolly is the general contractor engaged to perform the construction work at Whitman. The contracts with A&R and Jolly were caused to be entered into pursuant to this Court's Order of November 5, 1976 in *RAB v. Rizzo, supra.* The townhouses at the Whitman site are being constructed pursuant to a Turnkey Contract of Sale between PHA and A&R under which A&R receives reimbursement for the costs of the work together with a fixed fee. The contract between PHA and A&R (which is attached as Exhibit D to plaintiffs' complaint) provides that costs include:

> (12) Losses and related expenses, not compensated by insurance or otherwise sustained by the Seller in connection with the work, provided that they have resulted from causes other than the fault or neglect of the Seller . . .

> (15) Costs incurred due to emergencies affecting the safety of persons and property . . .

> (17) Other costs incurred in the performance of the work if and to the extent approved in advance in writing by the purchaser and HUD.

Federal Rule of Civil Procedure 19(a) provides in relevant part:

> A person who is subject to service of process and whose joinder will not deprive the Court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties or, (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may . . . (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of his claimed interests.

In that HUD is obligated pursuant to its Annual Contributions Contract with PHA to provide the funds which PHA is obligated to pay under the contract to A&R, and since plaintiffs' claims against A&R and/or Jolly, if meritorious, may be passed through as costs of the work to PHA, HUD may be liable to PHA for all or part of plaintiffs' claims, whether asserted against PHA, A&R, or Jolly. Therefore the Court determines that in the absence of HUD complete relief cannot be accorded among those who are already parties, and since HUD can be made a party without depriving the Court of jurisdiction over the subject matter of this action, the Court will enter an Order denying the motion of A&R and Jolly to dismiss the complaint but, pursuant to F.R.Civ.P. 19(a), will order the plaintiffs to join HUD as a party defendant.

The Court sees no necessity at this time to order the joinder of the City and RDA as parties defendant.

III. *Motion of Philadelphia Housing Authority to Dismiss or, in the Alternative, to Join HUD as a Third Party Defendant*

The defendant PHA has moved pursuant to F.R.Civ.P. 12(b)(6) to dismiss plaintiffs' complaint for failure to state a claim against PHA upon which relief can be granted. In the alternative, PHA moves the Court pursuant to F.R.Civ.P. 14(a) for leave to join HUD as a third party defendant. In light of what has been discussed

above in connection with the motion of A&R and Jolly to dismiss the complaint for failure to join HUD and this Court's Order directing the plaintiff to join HUD as a defendant it appears that the motion of PHA to join HUD as a third party defendant is now moot. Furthermore, as heretofore discussed in this Memorandum, PHA is one of the parties ordered to construct the 120 townhouses at Whitman and, although the complaint does not allege that either PHA or A&R has been negligent in the performance of the construction work, it does allege that the construction work is proceeding pursuant to a contract between PHA and A&R and it seeks to enjoin the construction activities undertaken pursuant to that contract. This Court will therefore enter an Order denying the motion of PHA to dismiss the complaint as to it in view of the fact that PHA is a necessary party to these proceedings.

### IV. Motion of Resident Advisory Board to Intervene as a Party Defendant

 The Resident Advisory Board (RAB) has moved this Court to intervene in this action as a matter of right pursuant to F.R.Civ.P. 24(a)(2). RAB is a plaintiff in *Resident Advisory Board v. Rizzo, supra,* wherein this Court ordered PHA, RDA, HUD and the City to build the 120 townhouses on the Whitman site. In this action the plaintiffs McQuilken, *et al.* seek an order enjoining all construction at the Whitman site.

Federal Rule of Civil Procedure 24(a)(2) provides as follows:

> (a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

RAB has timely moved for intervention. The Court finds that RAB has an interest in the subject matter of this action since the plaintiffs seek to enjoin all construction. RAB has an interest in obtaining full compliance with the injunctive Order entered in *RAB v. Rizzo,* and the disposition of this matter could impair RAB's ability to protect their legal interest in obtaining full compliance with the judgment in *RAB v. Rizzo.*

Finally, the Court finds that RAB's interest is not adequately represented by the existing parties defendant, PHA, A&R, Jolly and HUD. HUD and PHA were both defendants in *RAB v. Rizzo* wherein this Court found that they had violated the statutory rights of the persons represented by RAB. A&R and Jolly have interests which may become in conflict with those of the persons represented by RAB.

For the foregoing reasons this Court will enter an Order granting the motion of RAB to intervene as a party defendant in this action.