Rolla J. PENNELL, et al., Plaintiffs,

v.

COLLECTOR OF REVENUE,
Defendant,

and

The School District of Kansas City, Missouri, Intervening Defendant.

Nos. 88–1213–CV–W–3,
88–1214–CV–W–9–3.

United States District Court,
W.D. Missouri, W.D.

Jan. 25, 1989.

Penny J. Curtis, Curtis Mencl & Halas, Independence, Mo., for plaintiffs.

Joseph H. Monteil, Mary G. Murdock, Office of County Counselor, Kansas City, Mo., Shirley Ward Keeler, Allan V. Hallquist, Blackwell Sanders Matheny Weary & Lombardi, Kansas City, Mo., David S. Tatel, Allen R. Snyder, Patricia A. Brennan, David G. Leitch, Hogan & Hartson, Washington, D.C., for defendant.

## ORDER

ELMO B. HUNTER, Senior District Judge.

Before the Court are defendant Collector of Revenue's ("Collector") motions to remand the above-captioned cases. These cases have been consolidated due to the identity of the parties and issues before the Court. Fed.R.Civ.P. 42(a). The cases have been removed from the Circuit Court of Jackson County, Missouri, by intervening defendant School District of Kansas City, Missouri, ("School District") on the basis of 28 U.S.C. § 1441. The plaintiffs have not briefed this motion or joined either side's argument.

The complaints in the two cases are virtually identical. The Collector is being sued for a tax refund pursuant to R.S.Mo. § 139.031. Both complaints raise two separate issues concerning the plaintiffs' 1987 property tax payments: (1) whether their property was assessed at the proper rate under the state statute; and (2) whether the Order issued by Judge Clark in *Jenkins v. State of Missouri,* 672 F.Supp. 400 (W.D. Mo.1987), *aff'd in part, rev'd in part,* 855 F.2d 1295 (8th Cir.1988), raising the property tax assessment to support a court-ordered desegregation plan is constitutional. These claims shall henceforth be respectively denominated as Count I and Count II.

The School District moved to intervene in these cases on the grounds that the increased property tax assessment was intended for its direct benefit and that the Collector would not adequately represent its interest in that defendant had voiced its opposition to the court-ordered assessment and had been a petitioner for a writ of prohibition against enforcement of the Order of September 15, 1987. *In re Jackson County,* 834 F.2d 150 (8th Cir.1987). That motion was granted by the state court. Thereafter, the School District filed a timely petition for removal. The Collector has not joined in the petition for removal.

■ As a threshold question the Court must determine the proper alignment of the parties before the Court. Removal is proper only where all of the defendants join in the petition. 14 Wright, Miller & Cooper, Fed. Practice & Procedure § 3731 (1987). However, the Court may realign the parties as is necessary to reflect the parties' real interest. *Id.* It is clear from the pleadings before the Court that, at least in regard to Count II, the Constitutional claims, the Collector is aligned with the plaintiffs. The state and the county have actively opposed Judge Clark's ruling on appeal. Furthermore, it appears from the pleadings that the tax revenues generated by Judge Clark's Order are the sole property of the School District and that the Collector does not have a fiscal interest in their collection.

It is equally clear that with regard to plaintiffs' claims regarding Count I, the question of the proper statutory assessment rate, that the Collector is the proper

defendant. *See* R.S.Mo. § 139.031. Indeed the School District disavows any interest whatsoever in Count I.

Plaintiffs' Counts I and II represent separate and independent claims in that they seek redress for completely different wrongs. *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). Count I seeks to force the Collector to apply a lower statutory assessment rate to plaintiffs' property. Count II attacks the validity of a tax surcharge imposed by this Court. The presence of the nonremovable claim does not impair the Court's federal question jurisdiction. 28 U.S.C. § 1441(c). *See Thomas v. Shelton,* 740 F.2d 478, 482–83 (7th Cir.1984). Therefore, the Court will consider the two counts separately. Plaintiffs' Count I, regarding the statutory assessment rate, must be remanded in that defendant Collector, who is the real party in interest, has not petitioned for removal and no cause has been shown for the Court to exercise its discretion under 28 U.S.C. § 1441(c). However, because the School District, rather than the Collector, is the proper defendant in plaintiffs' Count II the Court shall consider that the removal petition is proper even though the Collector has not joined in the petition.

Having found that once the parties are properly aligned the removal petition was properly filed by the School District alone the Court must turn its attention to whether this matter was properly removed. 28 U.S.C. § 1441 allows removal of any case over which this Court has original jurisdiction. 28 U.S.C. § 1331 grants this Court original jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States. Plaintiffs' Count II is indisputably brought under the United States Constitution and it would thus appear that the School District may invoke this Court's removal jurisdiction. (The parties have not addressed the application of 28 U.S.C. § 1443 to this suit. *See McQuilken v. A & R Dev. Corp.,* 510 F.Supp. 797 (E.D.Pa.1981).

■ The Collector argues that because the plaintiffs seek a refund of a state tax, the Tax Injunction Act, 28 U.S.C. § 1341 and principles of comity prevent this Court from exercising jurisdiction and therefore a remand is necessary.

The Tax Injunction Act, 28 U.S.C. § 1341 states: "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." The Supreme Court has determined that the Act parallels the comity considerations which require district courts to refrain from hearing suits for damages based upon a state's tax system. *Fair Assessment in Real Estate v. McNary,* 454 U.S. 100, 102 S.Ct. 177, 70 L.Ed.2d 271 (1981).

The Court would note that, on the basis of the above, it could not have exercised jurisdiction over plaintiffs' Count I even had the Collector joined in the petition for removal. Furthermore, if plaintiffs' Count II simply made a constitutional attack against a state-enacted revenue statute or regulation the Court would also decline jurisdiction.

However, the situation before the Court is not that simple. The tax increase plaintiffs challenge was imposed by a federal district court which deemed that a tax increase was necessary to implement a court-ordered desegregation plan. That portion of the judgment was affirmed on appeal. Thus, although the claim is directed at a state agency for a refund of a state tax, any determination on the merits of the plaintiffs' claim requires a determination of the constitutional validity of an Order of a United States District Court. It is upon this point that the Collector's argument fails.

Both the Tax Injunction Act and the principle of comity require that the party seeking review be afforded an adequate state remedy. *Fair Assessment in Real Estate,* 454 U.S. at 116, n. 8, 102 S.Ct. at 186, n. 8. Because of the origin of the tax in question here no such review is available in a state forum. Article 6 of the Constitution states that "[t]his Constitution, and the Laws of the United States which shall be made in Pursuance thereof; ... shall be the Supreme Law of Land; and the Judges in

826

every State shall be bound thereby, anything in the Constitution or Laws of any State to the contrary notwithstanding."

In one of the earliest desegregation cases the Supreme Court reemphasized that the supremacy clause applies with its full force to orders of a federal court. *Cooper v. Aaron,* 358 U.S. 1, 78 S.Ct. 1401, 3 L.Ed.2d 5 (1958). This Court has no reservation concerning the ability or integrity of the Missouri State Court system. Nonetheless, the supremacy clause prohibits any state court from reaching the merits of plaintiffs' constitutional attack on Judge Clark's Order. Accordingly, there does not exist any adequate state remedy as is required by the Tax Injunction Act or the principle of comity and this Court is not deprived of the jurisdiction vested by 28 U.S.C. §§ 1331 and 1441. Therefore, the Court must conclude that removal of plaintiffs' Count II is proper.

In reaching this conclusion, the Court has become aware of an additional issue which may prevent it from reaching the merits of plaintiffs' Constitutional claims. Plaintiffs seek to overturn as unconstitutional the Order of another division of this Court which has been affirmed by the Eighth Circuit Court of Appeals. The Court is not aware of any authority by which it may reexamine that Order. Indeed, such an attempt to collaterally attack an Order is normally impermissible. *See e.g., Black and White Children of Pontiac School System v. School District of City of Pontiac,* 464 F.2d 1030 (6th Cir.1972). Therefore, plaintiffs shall be required to show cause why this claim should not be dismissed as an impermissible collateral attack within thirty days of the filing of this Order.

### Conclusion

It is hereby ORDERED that:

(1) Cases No. 88–1213–CV–W–3 and 88–1214–CV–W–9–3 are hereby consolidated for all further proceedings; and

(2) Count I of plaintiffs' complaint in Case No. 88–1213–CV–W–3 is hereby remanded to the Circuit Court of Jackson County, Missouri; and

(3) Count I of plaintiffs' complaint in Case No. 88–1214–CV–W–9–3 is hereby remanded to the Circuit Court of Jackson County, Missouri; and

(4) Defendant Collector of Revenue's motion to remand Count II of plaintiffs' Complaint in both cases is hereby DENIED; and

(5) Plaintiffs shall show cause why this case should not be dismissed as an improper collateral attack within thirty days of the filing of this Order.

IT IS SO ORDERED.