**In re The STATE OF MISSOURI: Christopher S. Bond, Governor of the State of Missouri; John Ashcroft, Attorney General of the State of Missouri; Melvin F. Carnahan, Treasurer of the State of Missouri; Stephen C. Bradford, Commissioner of Administration of the State of Missouri; The State of Missouri Board of Education; and Arthur L. Mallory, Commissioner of Education of the State of Missouri, Petitioners.**

No. 81–2129.

United States Court of Appeals,
Eighth Circuit.

Nov. 17, 1981.

Before HEANEY, BRIGHT and STE-PHENSON, Circuit Judges.

### ORDER

The state defendants[1] in the St. Louis public school desegregation case[2] present

---

1. "The 'State defendants' include the State of Missouri and its Board of Education, as well as the following Missouri officials: the Governor, the Attorney General, the Treasurer, the Commissioner of Education, the Commissioner of Administration, and the individual members of the Missouri Board of Education." *Liddell v. Board of Education,* 667 F.2d 643 at 648 n.2 (8th Cir. 1981).

2. Excluding orders, the St. Louis public school desegregation case has reached us on three occasions. *See Liddell v. Board of Education,* 647 F.2d 643 (8th Cir. 1981); *Adams. v. United States,* 620 F.2d 1277 (8th Cir.) (en banc), *cert. denied,* 449 U.S. 826, 101 S.Ct. 88, 66 L.Ed.2d 29 (1980); *Liddell v. Caldwell,* 546 F.2d 768 (8th Cir. 1976), *cert. denied,* 433 U.S. 914, 97 S.Ct. 2987, 53 L.Ed.2d 1100 (1977). These decisions describe the suit

this court with a two count petition for a writ of prohibition. In count one, the state defendants "pray for this court to issue a writ of prohibition commanding Judge Hungate [3] to recuse himself from the implementation of a remedial plan for mandatory inter-district desegregation under paragraph 12(c) of the district court's May 21, 1980 order, and to refrain from proceeding further ..." with that aspect of the case. Count two of the state defendants' petition requests this court to "issue a writ of prohibition ordering Judge Hungate to refrain from proceeding further in the 12(c) aspects of this case, at least until such time as there has been a determination of liability on the [interdistrict issues raised in the] amended, supplemental and cross-complaints of the Defendant [St. Louis] City Board [of Education] and the intervening Caldwell-NAACP plaintiffs ...." The state defendants also seek an order awarding them the costs incurred in pursuing these requests. For the reasons which follow, we decline to issue such an extraordinary writ.

"A writ of prohibition affords an expeditious and effective means of confining an inferior court to a lawful exercise of its prescribed jurisdiction or compelling a court to exercise its authority." *Missouri v. United States Bankruptcy Court*, 647 F.2d 768, 770 n.3 (8th Cir. 1981) (citing *Ex Parte Peru*, 318 U.S. 578, 583, 63 S.Ct. 793, 796, 87 L.Ed. 1014 (1943)). A writ of prohibition may be granted or withheld in our sound discretion, and is usually denied where other adequate remedy is available. *Ex Parte Peru, supra*, 318 U.S. at 584, 63 S.Ct. at 797–98. Furthermore, we will not ordinarily permit use of the extraordinary writ of prohibition as a substitute for the interlocutory review procedure provided by 28 U.S.C. § 1292(b). *In re Centrotextil*, 620 F.2d 690, 691 (8th Cir. 1980) (order). The issuance of an extraordinary writ of prohibition should be confined to cases where the applicant has an unquestioned legal right to have the

performance of the particular duties sought to be enforced or enjoined; a writ of prohibition will not be issued as a matter of right. *Hvass v. Graven*, 257 F.2d 1, 5 (8th Cir.), *cert. denied*, 358 U.S. 835, 79 S.Ct. 58, 3 L.Ed.2d 72 (1958). "It is only in the exceptional case that the appellate court will exercise its discretion to issue such writs [of prohibition] and ... this discretion should be sparingly exercised"; a writ of prohibition is warranted only if it appears that a miscarriage of justice will result without the issuance of the writ. *Id.* at 6. Moreover, a writ of prohibition may not be invoked as a substitute for appeal and will generally not lie where there is a remedy by appeal even in cases where such an appeal may involve inconvenience, delay or expenses to the applicant. *Id.* Finally, in *I–T–E Circuit Breaker Company v. Becker*, 343 F.2d 361, 364 (8th Cir. 1965) (per curiam), we stated: "Mere conjecture as to what action a court may judicially take is not substance on which a writ [of prohibition] may preventively be sought."

Applying these legal principles to the contentions raised in the state defendants' two count petition, we conclude that insufficient reasons have been presented to warrant the issuance of an extraordinary writ of prohibition. We accordingly deny the state defendants' application for the writ and also deny their request for the costs incurred in pursuing the writ.

It is so ordered.

---

in detail, and we therefore find it unnecessary to set forth any extensive background here.

3. The Honorable William L. Hungate, United States District Judge for the Eastern District of Missouri.