775 F.2d 545
 3 Fed.R.Serv.3d 159
 In the Matter of The Complaint of BANKERS TRUST COMPANY, as
Owner-Trustee and Monsanto Company, as Chartered Owner and
Keystone Shipping Co., as Chartered Owner and Operator of
the S.S. EDGAR M. QUEENY, et al.
BANKERS TRUST COMPANY, Monsanto Company and Keystone
Shipping Co., Petitioners,
v.
Honorable Charles R. WEINER, Respondent.
 No. 85-3386.
 United States Court of Appeals,
Third Circuit.
 Oct. 28, 1985.
 
 James F. Young, Maurice J. Maley, Jr., Krusen, Evans and Byrne, Philadelphia, Pa., for petitioners.
 Before GIBBONS, HIGGINBOTHAM and BECKER, Circuit Judges.
 OPINION OF THE COURT
 A. LEON HIGGINBOTHAM, Jr., Circuit Judge.
 
 
 1
 Bankers Trust Company, Monsanto Company and Keystone Shipping Co. (hereinafter collectively referred to as "the petitioners" or "Keystone") petition this Court, pursuant to Fed.R.App.P. 21, to issue a writ of mandamus under the All Writs Act, 28 U.S.C. Sec. 1651 (1982), to review the May 3, 1985 and June 24, 1985 orders of the United States District Court for the Eastern District of Pennsylvania.
 
 
 2
 Petitioners object to: (1) the district court's invocation of a commission pursuant to Fed.R.Civ.P. 28(b) for the purpose of taking the testimony of Prava Chatterjee, a party residing in India; and (2) the district court's refusal, alternatively, to accept the record of previous testimony before a commission also invoked pursuant to Fed.R.Civ.P. 28(b) in a related civil action. We find that mandamus is inappropriate here and therefore deny the petition.
 
 I.
 
 3
 There have been two separate, though related, cases which constitute the background of this petition for mandamus. In the first suit, Prava Chatterjee filed a legal malpractice action naming as defendants the law firms which had participated in the settlement and release of the admiralty claim of her deceased son in a protracted limitation of liability proceeding arising out of a disastrous vessel collision which occurred over ten years ago.[1] Chatterjee v. Due, 511 F.Supp. 183 (E.D.Pa.1981). In the second suit, Prava Chatterjee petitioned to vacate and set aside the settlement and release of the admiralty claim on the basis of fraud and forgery. These cases have been the subject of several decisions by this Court[2], the most recent of which, In Re Complaint of Bankers Trust Co., was decided December 31, 1984 and is reported at 752 F.2d 874 (hereinafter referred to as "the 1984 Chatterjee appeal"). It is the position that the petitioners' counsel took in this latter appeal that makes their present request for mandamus disturbing to this Court. If counsel had taken the same position in the 1984 Chatterjee appeal that they now urge, hundreds of hours of judicial and counsel time would not have been consumed.
 
 
 4
 In considering the propriety of certain evidentiary rulings of the district court in the limitation of liability case, we held in the 1984 Chatterjee appeal that the district court did not abuse its discretion in sustaining Keystone's objection to the admissibility of testimony previously obtained before a Rule 28(b) fact-finding commission held in Calcutta, India, (hereinafter referred to as the "Calcutta Commission"), under Fed.R.Evid. 804. 752 F.2d at 887-889. Pursuant to a stipulation of the parties which was approved by the district court in the malpractice action, this Calcutta Commission took the depositions of Prava Chatterjee and other members of her family. Keystone, the shipowners, were originally named as defendants in the malpractice action but were not represented at the taking of the depositions in Calcutta.[3] We agreed with the district court's conclusion that since Keystone did not have a "reasonable opportunity" to cross-examine Prava Chatterjee at the Calcutta Commission, her testimony in the malpractice suit could not be used in the limitation of liability suit.
 
 
 5
 However, we further held that the district court did abuse its discretion in denying Prava Chatterjee's alternate request to invoke a new commission pursuant to Rule 28(b). 752 F.2d at 889-890. We reasoned that the refusal to invoke a new commission denied Prava Chatterjee the opportunity to substantiate her factual allegations, given the inadmissibility of the Calcutta Commission testimony, and precluded the district court from having an adequate record from which to make a judgment as to the validity of the settlement.
 
 
 6
 We vacated the order of the district court denying the petition to set aside the settlement and release and we remanded the matter to the district court "with directions to invoke a commission for the purpose of taking testimony in India, pursuant to rule 28(b) of the federal rules of civil procedure." 752 F.2d at 891.
 
 
 7
 On remand, the district court directed Keystone to further review the testimony taken in the malpractice action. In response, Keystone withdrew its objections to the admissibility of the testimony previously taken before the Calcutta Commission in the legal malpractice action.
 
 
 8
 Nonetheless, the district court entered an order on May 3, 1985, invoking a new commission "[i]n accordance with the directive of the Court of Appeals for the Third Circuit." On May 20, 1985, Keystone moved that the district court vacate its May 3, 1985 order on the grounds that Keystone and Prava Chatterjee had stipulated to the admissibility of the testimony previously taken. In an order entered June 24, 1985, the district court denied Keystone's motion to vacate the May 3rd order for the reason that the Court of Appeals had directed it to invoke such a commission. Keystone now submits that a writ of mandamus should issue from this Court directing the district court to admit the testimony taken before the previous Calcutta Commission for adjudication of the Chatterjee petition, in the instant case where Chatterjee seeks to vacate the settlement and release. We decline to issue the writ of mandamus.
 
 II.
 
 9
 The remedy of mandamus is properly invoked only in extraordinary situations. Sporck v. Peil, 759 F.2d 312, 314 (3d Cir.1985). 28 U.S.C. Sec. 1651(a) provides that federal courts can "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." Those who seek a writ of mandamus or prohibition must show that they have no other adequate means to attain the relief desired, Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 34, 101 S.Ct. 188, 189, 66 L.Ed.2d 193 (1980) and that their right to issuance of the writ is clear and indisputable. Gold v. Johns-Manville Sales Corp., 723 F.2d 1068, 1074 (3d Cir.1983).
 
 
 10
 Where a matter is committed to the discretion of the district court, and therefore it cannot be said that a litigant's right to a particular result is "clear and indisputable", a writ of mandamus will only be granted for clear error of law. Sporck, 759 F.2d at 314 (quoting Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 36, 101 S.Ct. 188, 190, 66 L.Ed.2d 193 (1980)). Thus, before the writ may issue, we must find a clear legal error calling for relief that can be obtained through no other means. Gold, 723 F.2d at 1074.
 
 
 11
 Mandamus may not properly be employed to review each and every decision of a trial court, even if on an appeal after final judgment a reviewing court might find reversible error. Id. This court has recently cautioned that mandamus is not to be used as an ordinary vehicle to obtain interlocutory relief from discovery orders. It is available only when necessary to prevent grave injustice. Bogosian v. Gulf Oil Corporation, 738 F.2d 587, 591 (3d Cir.1984).
 
 
 12
 Keystone did not seek interlocutory review under 28 U.S.C. Sec. 1292(b) and alleges only that the writ should issue here because "[t]he district court ... has ignored Keystone's withdrawal of its evidentiary objection and insisted upon invocation of a Commission though no party now seeks invocation." They would have this court do "justice" by facilitating their purported attempt to avoid further delay and additional expense after more than ten years of litigation. We are not persuaded by their contentions.
 
 III.
 
 13
 From our point of view, it is difficult to imagine an appellate case where counsel have been as oblivious to their use of this Court's and other counsel's time on matters which we now see could have been resolved without appeal to this Court.
 
 
 14
 When last here before us, counsel for petitioners, at great expense to their clients, argued assiduously that the Calcutta Commission testimony taken in the malpractice action, in which petitioners were not parties and were not participants, could not be used in the limitation of liability proceedings, in which petitioners were parties and were active participants. Petitioners then asserted:
 
 
 15
 Throughout this litigation, Chatterjee has ignored the distinction between her malpractice action against her attorneys and her admiralty petition against Keystone. Chatterjee has continuously intermixed the two lawsuits, hoping to successfully muddle the record and create an air of impropriety on the part of Keystone.... The overwhelming thrust of Chatterjee's arguments before this court, and the district court, is directed at the law firm of Due and Dodson, counsel of record for the survivors of Chatterjee's son.
 
 
 16
 Appellee's Brief at vi. Extensive briefs were filed and more than an hour of oral argument was granted. Petitioners' counsel repeatedly stressed the unfairness in receiving as trial evidence those depositions from the Calcutta Commission in which they had not participated.
 
 
 17
 Because of their argument and its implicit merit, we sustained the objections which Keystone had pressed in the trial court and held that the district court did not err in excluding the Calcutta Commission testimony in the limitation of liability suit.[4] Thus, we granted a remedy whereby Keystone, as shipowner, could have its opportunity to examine the parties and witnesses in India and to question them about the circumstances of the settlement and release of the claim made on behalf of the survivors of Prava Chatterjee's son. We made a ruling that would alleviate what petitioners have called "this confusing commingling of allegations" in the two Chatterjee suits.
 
 
 18
 Now, to our surprise, Keystone has withdrawn the very objections which they made to us in 1984 and over which they had litigated with so much vigor. To our surprise, they state that they are now amenable to having the prior Calcutta Commission testimony admitted into evidence. The district court, however, would not accept their last minute concession and their repudiation of the legal position they had asserted for months. Faced with this contradiction, the district court implemented our mandate. It directed the parties to proceed to India to have the type of commission which originally petitioners had insisted they wanted.
 
 
 19
 We understand that petitioner's counsel view themselves as fighting zealously to protect their client's rights. We understand too that in objecting to the use of the Calcutta Commission testimony counsel sought, like many counsel do, to prevail by default (since Mrs. Chatterjee could not come to Philadelphia to testify) and, further, that when they lost in the first round they simply did a turnabout. But there is a limit to lawyers' stratagems in aid of a client's cause. Moreover, counsel had to recognize the strong prospect that they might lose when they sought to prevent the Commission, and in our view their volte-face comes in the most ill grace. Indeed if counsel for the petitioners are now willing to accept the admissibility of the prior commission testimony, we wonder why they did not make a twenty-five cents phone call months ago to make a similar stipulation long before thousands of dollars of litigation costs and hundreds of hours of court time were consumed.
 
 
 20
 We find that the May 8 and June 24 discovery orders in issue here were committed to the discretion of the trial court, see, e.g., DeMasi v. Weiss, 669 F.2d 114, 122 (3d Cir.1982). After Keystone's "turnabout" regarding the admissibility of the prior Calcutta Commission testimony, we do not believe that the district judge abused his broad discretion by following this Court's mandate. Though certainly the district court could have accepted the new stipulation to thereby eliminate the additional expense, we can see no "clear legal error" when a district court follows an express mandate of this Court. Given this Court's interpretation of the circumscribed discretion of a trial court to deny issuance of a commission under Rule 28 and our express mandate to invoke a commission, we cannot characterize the actions of the trial court as "judicial usurpation of power." Kerr v. United States District Court for the Northern District of California, 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976). Nor can we find "grave injustice" merely because Keystone will now have to incur additional costs that they could have avoided.
 
 IV.
 
 21
 When we consider the many hours spent on the 1984 Chatterjee appeal, we must stress that litigation in the federal court is more than a sporting event for the payment of counsel fees. Lawyers, we hope, are concerned about wasting judicial time and resources. When counsel pursue appeals they should recognize that it is not a game to devour unnecessarily the court's and other counsel's time. Counsel should seek only relief that they honestly want; the United States Court of Appeals for the Third Circuit is not a moot court for the testing of fascinating legal theories.
 
 
 22
 The petition for writ of mandamus is denied.
 
 
 
 [1]
 On January 31, 1975, the chemical carrier S.S. EDGAR M. QUEENY, while making a turn in the Delaware River at Marcus Hook, Pennsylvania, collided with the S.S. CORINTHOS, as she was discharging a cargo of crude oil. The resulting explosion and fire damaged the QUEENY, destroyed and sank the CORINTHOS, and caused numerous deaths and injuries as well as extensive property damage to the BP/Sohio Terminal and to property in the surrounding Marcus Hook area. The owners and operators of the QUEENY, Bankers Trust Company, Monsanto Company and Keystone Shipping Co., the petitioners in this case, brought an action for limitation of liability within one week of the accident, pursuant to the Limitation of Liability Act, 46 U.S.C. Sec. 183 (1970). In re Complaint of Bankers Trust Co., 503 F.Supp. 337 (E.D.Pa.1980), rev'd, 651 F.2d 160 (3d Cir.1981), cert. denied, 455 U.S. 942, 102 S.Ct. 1436, 71 L.Ed.2d 653 (1982)
 The Louisiana law firm of Due and Dodson, which represented the survivors of all injured and deceased Indian crewmembers, filed an answer and claim on behalf of Prava Chatterjee, a resident of the People's Republic of Bangladesh, as survivor of Pratik Kuman Chatterjee, a crewmember killed in the CORINTHOS-QUEENY disaster. She contested their authority to do so.
 
 
 [2]
 See In re Complaint of Bankers Trust Co., 761 F.2d 943 (3rd Cir.1985); In re Complaint of Bankers Trust Co., 651 F.2d 160 (3d Cir.1981), cert. denied, 455 U.S. 942, 102 S.Ct. 1436, 71 L.Ed.2d 653 (1982); In re Complaint of Bankers Trust Co., 658 F.2d 103 (3d Cir.1981), cert. denied, 456 U.S. 961, 102 S.Ct. 2038, 72 L.Ed.2d 485 (1982)
 
 
 [3]
 The shipowners were named as defendants but damages were sought only against the defendant-lawyers
 
 
 [4]
 We held, as an alternative ground, that the district court properly refused to admit the transcript of the previous commission because Keystone, the present opponents, did not have an adequate motive for testing on cross-examination the credibility of the testimony offered. As noted, the shipowners were originally named as defendants in the malpractice suit but were not represented at the taking of the depositions. Although the shipowners' counsel were defendants in the malpractice suit, we agreed with the district court's conclusion that they did not have a similar motive to develop the testimony by direct, cross or redirect examination. We found that the district court did not abuse its discretion in so ruling. 752 F.2d at 888