UNITED STATES of America

v.

**Elmer J. JONNET.**

**Crim. No. 84–19.**

United States District Court,
W.D. Pennsylvania.

Oct. 31, 1985.

James Y. Garrett, Asst. U.S. Atty., Pittsburgh, Pa., for plaintiff.

Stanley Preiser, Charleston, W.Va., George G. Mahfood, Yaier Y. Lehrer, Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

TEITELBAUM, Senior District Judge.

### I.

Defendant Elmer J. Jonnet recently filed motions on August 19, 1985 and September 16, 1985 asking me to recuse from further proceedings in the above-captioned case. Both motions were denied. Defendant twice sought a Writ of Mandamus compelling my recusal and was unsuccessful both times.

Since then I have reviewed the matter further and now conclude that my recusal is required by 28 U.S.C. § 455(a). Although I have no bias-in-fact against the defendant, he and his counsel have contrived to create a situation in which it well might appear to a reasonable person that I am biased against the defendant.

### II.

A judge shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. 28 U.S.C. § 455(a). The test for determining whether recusal is required under this subsection is whether a reasonable person, knowing all the circumstances, would believe that a judge's impartiality could be questioned. *See United States v. Schreiber*, 599 F.2d 534, 536 (3d Cir.1979). What matters is the objective appearance of bias, not actual bias. *United States v. Nobel*, 696 F.2d 231, 235 (3d Cir.1982).

### III.

The objective appearance of bias arises out of a number of accusations made by defendant and his counsel concerning me and certain members of my staff.

Defendant alleged in an affidavit in support of the motion to recuse filed on August 19, 1985 that Mr. Sanford Lampl, Esquire, had told defendant and his son that I considered myself to be "the Archangel Gabriel" and defendant to be "the greatest evil on earth."

The allegation that I hold or expressed such beliefs is untrue. In addition, Mr. Lampl contacted me on his own initiative and insisted that he never made the statement attributed to him to defendant, his son, or anyone else. It was for these reasons that I stated during the conference on August 19, 1985 that defendant had perjured himself in making such an allegation.

Also, Mr. Lampl informed me that Mr. H.F. Salsbery, one of defendant's counsel, had approached him in a hostile manner and had attempted to induce such statements concerning my attitudes from Mr. Lampl. It was for this reason that I accused Mr. Stanley Preiser, also one of defendant's counsel, and his law firm, of engaging in a blatant campaign to malign my reputation and of filing the recusal motion in bad faith.

Mr. Preiser and other members of his law firm unquestionably were aware that defendant had perjured himself in his affidavit. Although counsel understandably would be expected to fight zealously to protect defendant's interests, there are limits to the stratagems that may be employed in aid of the defendant's cause. *See In The Matter Of The Complaint of Bankers Trust Co., et al.*, 775 F.2d 545, 549 (3d Cir.1985) (per Judge Higginbotham). For counsel to file the recusal motion and false affidavits was unprofessional and unethical. *See* American Bar Association Standards for Criminal Justice, The Defense Function § 4–7.7 (1980) (proposed standard).

Defendant also accused certain members of my staff of improper conduct.

Mr. Richard Grainer, my Administrative Aide, was accused of improperly delivering certain documents to the jury for consider-

ation during its deliberations. The fact that jurors were questioned, so stated, and also stated that they had read the three volume document, a deposition, raises questions as to defendant's conduct. Also, the ludicrous accusation was made against Mr. Grainer that the reason why the two jurors who were designated as alternate jurors were so designated was because they were Catholics. I am satisfied that these charges are untrue.

Mr. Salsbery also has accused Mr. R.J. Haver, my Law Associate, of making derogatory remarks concerning the merits of many of the pretrial motions filed by the defendant and of impugning the motive of defense counsel in filing them.

◼ Considering the lengths to which defendant, Mr. Preiser, and his law firm already have gone in endeavoring to create a situation in which it might appear that I am biased against the defendant, there is little doubt in my mind that the reprehensible machinations to discredit me and my staff would continue were I not to recuse at this time. I am unwilling, as a Senior Judge, to subject myself to such treatment. More importantly, I am convinced that justice would be best served if I recused. Defendant had previously moved that every judge of this Court is disqualified because they read an opinion by another judge critical of him. How he knows this defies my imagination. Instead, it establishes that defendant does not want to be tried on these criminal charges and that his counsel is doing everything he can to assist his client in this.

An appropriate order will issue.

## ORDER

AND NOW, October 31, 1985, in accordance with the foregoing Memorandum Opinion, IT IS HEREBY ORDERED that I recuse from any further proceedings in the above-captioned case; and that the case is returned to the Clerk of Court for assignment to another judge.