**In re JACKSON COUNTY, MISSOURI, Bill Waris, Bernice J. Conley, Beverly O. Ross and Michael Pendergast, Petitioners.**

No. 87–2421.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 13, 1987.

Decided Dec. 2, 1987.

John B. Williams, County Counselor of Jackson County, Kansas City, Mo., for petitioners.

Patricia A. Brannan, Washington, D.C., for Kansas City, Missouri School Dist.

Arthur A. Benson, II, Kansas City, Mo., for Kalima Jenkins, et al.

Before LAY, Chief Judge, HEANEY and JOHN R. GIBSON, Circuit Judges.

JOHN R. GIBSON, Circuit Judge.

Jackson County, Missouri and its County Executive, Clerk of its Legislature, Manager of its Division of Revenue, and Director of its Department of Collections petition for a writ of prohibition under 28 U.S.C. § 1651 (1982) directed to the Honorable Russell G. Clark, United States District Judge for the Western District of Missouri.

They argue that orders entered by Judge Clark directing an increase in real estate taxes for property located in the Kansas City, Missouri School District and a surcharge on the state income tax are in excess of his jurisdiction. The petitioners have not demonstrated that they are entitled to relief under the stringent requirements for such an extraordinary writ, and the petition is denied.

Judge Clark in *Jenkins v. State of Missouri*, 672 F.Supp. 400 (W.D.Mo.1987) ordered that the tax levy for the Kansas City, Missouri School District be raised from $2.05 to $4 per $100 assessed valuation and that a surtax of 1.5 percent be imposed on the Missouri State income tax for all persons and entities receiving income for work done, services rendered, and other activities performed within the Kansas City, Missouri School District. After contact by the Kansas City, Missouri School District, the petitioners stated that the order was not binding upon them as they were not parties to *Jenkins* (their motion to intervene having been denied) and that the levy would not be adjusted. On September 28, 1987 KCMSD filed a motion for a temporary restraining order and injunctive relief to bar obstruction of the September 15, 1987 order. The following day, Judge Clark entered a temporary restraining order against the county officials, ordering that they immediately take all steps necessary to adjust the school property tax levy to the rate of $4 per $100 assessed valuation, to collect the levy at that rate for the 1987 year, and to refrain from engaging in or participating in any acts or activities that would interfere with such adjustment. On October 17, 1987, after hearing, Judge Clark entered a preliminary injunction with similar wording.

Petitioners argue that Judge Clark exceeded his jurisdiction in issuing a preliminary injunction because the Tax Injunction Act, 28 U.S.C. § 1341 (1982), and statutory and common law principles of comity prohibit federal court intervention in state tax administration.[1] They further argue that Judge Clark exceeded his jurisdiction because the judicial power of the United States does not extend to the levying of state and local property and income taxes and that if there is such judicial power, there is no proper exercise in this case.

The remedy sought under 28 U.S.C. § 1651 "is a drastic one, to be invoked only in extraordinary situations," *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34, 101 S.Ct. 188, 190, 66 L.Ed.2d 193 (1980) (per curiam), and only where there is "judicial usurpation of power." *Id.* at 35, 101 S.Ct. at 190. Whether the writ seeks to prohibit action or to mandate it, the same considerations apply. *In re South Dakota*, 692 F.2d 1158, 1160–61 (8th Cir., 1982), 16 C. Wright & A. Miller, *Federal Practice & Procedure* § 3932 at 206–207 (1977). The Supreme Court has further explained the basis for the writ:

> In order to insure that the writ will issue only in extraordinary circumstances, this Court has required that a party seeking issuance have no other adequate means to attain the relief he desires, and that he satisfy the 'burden of showing that [his] right to issuance of the writ is "clear and indisputable." ' In short, our cases have answered the question as to the availability of mandamus * * * with the refrain: 'What never? Well, *hardly* ever!'

*Allied Chemical Corp.*, 449 U.S. at 35–36, 101 S.Ct. at 190–91 (citations omitted). The Supreme Court has made it abundantly clear that extraordinary writs are not available to reach "a simple showing of error [that] may suffice to obtain a reversal on direct appeal." *Id.* at 35, 101 S.Ct. at 190; *Will v. United States*, 389 U.S. 90, 98 n. 6, 88 S.Ct. 269, 275 n. 6, 19 L.Ed.2d 305. This court has held that "a writ of prohibition may not be invoked as a substitute for appeal." *In Re Missouri*, 664 F.2d 178, 180 (8th Cir.1981).

Petitioners have not demonstrated that Judge Clark exceeded his jurisdiction in entering the September 15, 1987 order. 28 U.S.C. § 1341 has been held to be inapplicable to efforts to require collection of additional taxes, as opposed to efforts to inhibit the collection of taxes. *Appling County v. Municipal Electric Authority*, 621 F.2d

---

1. 28 U.S.C. § 1341 provides that a district court may not enjoin, suspend or restrain the assessment of taxes under a state law where there is remedy in the courts of the state.

1301, 1303–04 (5th Cir.) *cert. denied,* 449 U.S. 1015, 101 S.Ct. 574, 66 L.Ed.2d 474 (1980). Petitioners argue generally that the judicial power of the United States does not extend to the levying of state and local taxes, and that there has been no proper exercise of such power in this case. We are satisfied petitioners' argument is more properly addressed on appeal rather than by writ of prohibition. Suffice it to say, they have not demonstrated a clear and indisputable right to issuance of the writ. *See generally Liddell v. Missouri,* 731 F.2d 1294, 1319–23 (8th Cir.) (en banc), *cert. denied,* 469 U.S. 816, 105 S.Ct. 82, 83 L.Ed. 2d 30 (1984) (district court's broad equitable powers to remedy the evils of segregation include a narrowly defined power to order increases in local tax levies on real estate); *Griffin v. School Board of Prince Edward County,* 377 U.S. 218, 233, 84 S.Ct. 1226, 1234, 12 L.Ed.2d 256 (1964) (district court, if necessary, may order local officials to levy taxes to operate and maintain a public school system without racial discrimination).

Petitioners also argue that they should not be required to withhold state income taxes. The same considerations apply. We conclude that petitioners have not met the exacting requirements for issuance of a writ of prohibition.

The petition for the writ of prohibition is denied.