**Floyd J. LOFTON, Circuit Judge of the Sixth Judicial District of Arkansas, First Division, Petitioner,**

v.

**U.S. DISTRICT COURT FOR the EASTERN DISTRICT OF ARKANSAS, Respondent.**

**No. 89–1442.**

United States Court of Appeals, Eighth Circuit.

Submitted May 12, 1989.

Decided Aug. 2, 1989.

John Wesley Hall, Jr., Little Rock, Ark., for petitioner.

Richard Quiggle and Robert Jackson, Little Rock, Ark., for respondent.

Before LAY, Chief Judge, HENLEY, Senior Circuit Judge, and BEAM, Circuit Judge.

LAY, Chief Judge.

This case stems from a civil rights class action lawsuit filed in federal district court[1] challenging conditions in the Pulaski County, Arkansas jail. In 1985 a consent decree was entered into which established population limits for the jail, and required the Sheriff of Pulaski County to notify the court if anyone attempted to contravene the agreement. *See* Consent Decree, *Billy Hill, et al. v. Pulaski County, Ark., et al.*, No. LR–C–79–465 (E.D.Ark. April 8, 1985).

On November 10, 1988, the sheriff filed notice with the district court alleging that petitioner, a state circuit judge, had issued contempt orders when the sheriff refused to accept prisoners in contravention of the agreement. The district court subsequently reopened the 1985 decree for the "limited purposes of dealing with present and future compliance problems," and joined petitioner as a third party defendant for injunctive purposes.

The state judge now seeks a writ of prohibition in this court to prevent the federal district court from joining him as a party for injunctive relief. We find it necessary to deny the petition.

The remedy under 28 U.S.C. § 1651 "is a drastic one, to be invoked only in extraordinary situations." *In re Jackson County, Mo.*, 834 F.2d 150, 151 (8th Cir.1987) (quoting *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34, 101 S.Ct. 188, 189, 66 L.Ed.2d 193 (1980) (per curiam)). The same considerations apply whether the writ seeks to prohibit action or to mandate it. *Id.* The Supreme Court has observed that issuance of a writ of mandamus is justified only in exceptional circumstances amounting to a judicial usurpation of power. *Gulfstream Aerospace Corp. v. Mayaca-*

*mas Corp.*, 485 U.S. 271, 108 S.Ct. 1133, 1143, 99 L.Ed.2d 296 (1988). The writ is usually denied unless the applicant has no other adequate remedy and can establish "an unquestioned legal right to have the performance of particular duties sought to be enforced or enjoined." *In re Missouri*, 664 F.2d 178, 180 (8th Cir.1981).

Such extraordinary relief is not warranted here. The district court, simply by joining petitioner in the federal court action, has not acted outside of its authority. The district court may provide injunctive relief in aid of its own jurisdiction or "to protect or effectuate its judgments," *see* 28 U.S.C. § 2283, and petitioner does not enjoy immunity from prospective injunctive relief. *Pulliam v. Allen*, 466 U.S. 522, 541–42, 104 S.Ct. 1970, 1980–81, 80 L.Ed.2d 565 (1984). In the event that the district court acts to enjoin Judge Lofton, he may file an appeal under 28 U.S.C. § 1292. Under these circumstances, petitioner has failed to demonstrate that he has an undisputed right to issuance of the writ.

We are mindful of the significant considerations of comity and federalism raised by this case. It is clear, however, that the district court's joinder of petitioner does not amount to a usurpation of its judicial authority. Accordingly, we deny petitioner's request for a writ of prohibition.

---

[1] The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas.