981 F.2d 1250
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In Re: Albert Russell CLAY, Jr., Petitioner.
 No. 92-8038.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: June 1, 1992
Decided: December 15, 1992
 
 On Petition for a Writ of Mandamus and a Writ of Prohibition.
 Petition denied by unpublished per curiam opinion.
 Albert Russell Clay, Jr., Petitioner Pro Se.
 
 
 1
 Petition Denied.
 
 
 2
 Before PHILLIPS, WILKINSON, and LUTTIG, Circuit Judges.
 
 PER CURIAM:
 OPINION
 
 3
 Albert Russell Clay, Jr., a Virginia prisoner, petitions this Court for a writ of mandamus and a writ of prohibition. We deny the petition.
 
 
 4
 Clay has several cases pending before the district court. In his petition for mandamus he seeks a writ (1) directing the district court to file, acknowledge receipt of, and respond to all motions; (2) ordering the district court clerk to follow filing procedures; (3) setting a "supervisory schedule" for the district court; (4) taking judicial notice of numerous "facts" set forth by Clay; and (5) ordering the recusal of Magistrate Judge Miller.
 
 
 5
 Mandamus is a drastic remedy to be used only in extraordinary circumstances. Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). The party seeking mandamus relief carries the heavy burden of showing that he has "no other adequate means to attain the relief he desires" and that his right to such relief is"clear and indisputable." Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980). Courts are extremely reluctant to grant a writ of mandamus. In re Ford Motor Co., 751 F.2d 274, 275 (8th Cir. 1984). Mandamus may not be utilized as a means of circumventing the normal appellate process. In re United Steelworkers, 595 F.2d 958, 960 (4th Cir. 1979).
 
 
 6
 Mandamus is inappropriate as to the relief sought under claims one, two and four as review of any errors by the district court in these areas may be had through the normal appellate process. Relief is not warranted on claim three because a review of the docket sheets reveals that the district court has been acting expeditiously in Clay's cases.
 
 
 7
 To obtain mandamus relief ordering a judge to recuse himself the petitioner must show extra-judicial bias and that the bias has resulted "in an opinion on the merits on a basis other than that learned by the judge from his participation in the matter." In re Beard, 811 F.2d 818, 827 (4th Cir. 1987). Clay has not alleged extra-judicial bias; therefore, relief is not warranted on claim five.
 
 
 8
 A writ of prohibition is likewise a drastic remedy which should be granted only where the petitioner's right to the requested relief is clear and indisputable. In re Vargas, 723 F.2d 1461, 1468 (10th Cir. 1983); In re Missouri, 664 F.2d 178, 180 (8th Cir. 1981). A writ of prohibition should not issue "unless it clearly appears that the inferior court is about to exceed its jurisdiction." Smith v. Whitney, 116 U.S. 167, 176 (1886). The writ may not be used as a substitute for the normal appellate process, In re Missouri, 664 F.2d at 180.
 
 
 9
 In his consolidated petition for writ of prohibition Clay alleges that the district judge has refused to allow him to name a certain partydefendant. If any error of this nature is ultimately shown it may be corrected on a regular appeal.
 
 
 10
 Accordingly, though we grant leave to proceed in forma pauperis, we deny the petition. We deny Clay's "Request for Judicial Notice of Adjudicative Facts." We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 PETITION DENIED