**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 95-8072**

---

In Re: ROY HORTON,

Petitioner.

---

On Petition for Writ of Prohibition.  (CR-93-40)

---

**No. 95-8074**

---

In Re: ROY HORTON,

Petitioner.

---

On Petition for Writ of Mandamus.  (CA-94-51-E)

---

Submitted:  December 14, 1995        Decided:  January 18, 1996

---

Before ERVIN, Chief Judge, and WIDENER and WILKINS, Circuit Judges.

---

Petitions denied by unpublished per curiam opinion.

---

Roy Horton, Petitioner Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Roy Horton has filed petitions for a writ of prohibition and a writ of mandamus seeking an order directing the district court to transfer him back to state custody. A writ of prohibition should not issue "unless it clearly appeals that the inferior court is about to exceed its jurisdiction." Smith v. Whitney, 116 U.S. 167, 176 (1886). A writ of prohibition is a drastic remedy which should be granted only where the petitioner's right to the requested relief is indisputable. In re Vargas, 723 F.2d 1461, 1468 (10th Cir. 1983); In re Missouri, 664 F.2d 178, 180 (8th Cir. 1981). A writ of prohibition should be granted only where the petitioner has no other adequate means of relief, In re Banker's Trust Co., 775 F.2d 545, 547 (3d Cir. 1985), and may not be used as a substitute for the normal appellate process. In re Missouri, 664 F.2d at 180. Horton has failed to establish his right to such relief.

Mandamus is a drastic remedy to be used only in extraordinary circumstances. Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). Mandamus relief is only available when there are no other means by which the relief sought could be granted, In re Beard, 811 F.2d 818, 826 (4th Cir. 1987), and may not be used as a substitute for appeal. In re United Steelworkers, 595 F.2d 958, 960 (4th Cir. 1979). The party seeking mandamus relief carries the heavy burden of showing that he has "no other adequate means to attain the relief he desires" and that his right to such relief is "clear and indisputable." Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980). Horton has not made such a showing. Accordingly, although

3

we grant Horton's applications to proceed in forma pauperis, we deny his petitions for a writ of prohibition and a writ of mandamus. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITIONS DENIED