**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 98-1592**

---

In Re: RICKIE EDWARD WILKINSON; In Re: DAWN
SWINK WILKINSON,

Petitioners.

---

On Petition for Writ of Mandamus.
(CA-98-83-1-M, CA-98-83-2-M, CA-98-83-3-M)

---

Submitted: July 2, 1998                    Decided: July 21, 1998

---

Before NIEMEYER and HAMILTON, Circuit Judges, and HALL, Senior
Circuit Judge.

---

Petition denied by unpublished per curiam opinion.

---

Rickie Edward Wilkinson, Dawn Swink Wilkinson, Petitioners Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Petitioners have filed a petition for writ of prohibition and mandamus seeking an order directing authorities to return materials they seized during an allegedly illegal search. A writ of prohibition is a drastic remedy which should be granted only when the petitioner's right to the requested relief is undisputable. In re Vargas, 723 F.2d 1461, 1468 (10th Cir. 1983); In re Missouri, 664 F.2d 178, 180 (8th Cir. 1981). A writ of prohibition should be granted only when the petitioner has no other adequate means of relief, In re Banker's Trust Co., 775 F.2d 545, 547 (3d Cir. 1985), and may not be used as a substitute for the normal appellate process. In re Missouri, 664 F.2d at 180. Petitioners have failed to establish their right to such relief.

Similarly, mandamus is a drastic remedy to be used only in extraordinary circumstances. Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). Mandamus relief is only available when there are no other means by which the relief sought could be granted, In re Beard, 811 F.2d 818, 826 (4th Cir. 1987), and may not be used as a substitute for appeal. In re United Steelworkers, 595 F.2d 958, 960 (4th Cir. 1979). The party seeking mandamus relief carries the heavy burden of showing that he has "no other adequate means to attain the relief he deserves" and that his right to such relief is "clear and indisputable." Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980). Petitioners have not made such a showing.

2

Accordingly, we deny their petitions for a writ of prohibition and a writ of mandamus. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED