**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 04-1056**

_____

In Re:  E. LOWELL MASON,

                                                            Petitioner.

_____

On Petition for Writ of Prohibition
(BK-02-334-58; CA-03-271-3; CA-03-234-3; AP-03-3026)

_____

**No. 04-1074**

_____

In Re:  E. LOWELL MASON,

                                                            Petitioner.

_____

On Petition for Writ of Mandamus
(CA-03-788; CA-03-1012)

_____

Submitted:  June 18, 2004          Decided:  December 8, 2004

_____

Before WILKINSON, MICHAEL, and KING, Circuit Judges.

_____

Petitions denied by unpublished per curiam opinion.

E. Lowell Mason, Petitioner Pro Se.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

E. Lowell Mason filed a petition for writ of prohibition, No. 04-1056, in which he asserts that the bankruptcy court for the Western District of North Carolina improperly transferred to that court a bankruptcy proceeding that was filed in the bankruptcy court for the Middle District of North Carolina. He requests that this court enjoin the bankruptcy court for the Western District of North Carolina from acting in the proceeding transferred from the Middle District.

A writ of prohibition will not issue unless it "clearly appears that the inferior court is about to exceed its jurisdiction." Smith v. Whitney, 116 U.S. 167, 176 (1886). Additionally, a writ of prohibition is a drastic remedy which should be granted only where the petitioner's right to the requested relief is clear and indisputable. In re Vargas, 723 F.2d 1461, 1468 (10th Cir. 1983); In re Missouri, 664 F.2d 178, 180 (8th Cir. 1981). Further, a writ of prohibition should be granted only where the petitioner has no other adequate means of relief. In re Banker's Trust Co., 775 F.2d 545, 547 (3d Cir. 1985).

Here, we find that Mason has not established that he has a clear right to the relief he seeks. Moreover, Mason has other means by which to challenge the bankruptcy court's order. Because a writ of prohibition may not be used as a substitute for an

appeal, Missouri, 664 F.2d at 180, we deny Mason's petition for writ of prohibition.

In No. 04-1074, Mason seeks a writ of mandamus. In this petition, Mason complains of the transfer of the bankruptcy proceeding from the Middle District to the Western District of North Carolina; he also asserts that he did not consent to trial by a magistrate judge in the action he filed in the district court, and that the district court did not act on his motion for entry of default against Susan Sowell--a defendant in that action.

Mason has failed to show that he has a "clear right to the relief sought," as required for the granting of mandamus relief. See Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980). To the extent that Mason asserts that the district court delayed in acting on his motion for entry of default, we find no unreasonable delay. Additionally, any challenge Mason has to the transfer of the bankruptcy proceeding and to the order granting an extension of time for Sowell to file an answer to his complaint may be asserted in an appeal, and therefore mandamus relief is not appropriate. See In re United Steelworkers of Am., 595 F.2d 958, 960 (4th Cir. 1979).

Mason has moved in this court for entry of default against Susan Sowell in his district court case, and to strike a document filed by Sowell in an appeal Mason previously filed in this court. We deny these motions. Additionally, we deny Mason's

- 4 -

directed motions in which he seeks from Sowell and from Anna Mills Wagoner a response to his inquiries.

In conclusion, while we grant Mason's motions for leave to proceed in forma pauperis in both of these cases,[*] we deny Mason's petition for writ of prohibition and his petition for writ of mandamus. We further deny his motions to strike a document filed by Sowell in appeal No. 03-1909, motion for entry of default, and his directed motions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITIONS DENIED</u>

---

[*]Mason's motions for an extension of time to either pay the filing fee or file an application to proceed in forma pauperis are denied as moot.