**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 08-2361**

_____

JAMES JOSEPH MOZINGO,

        Petitioner - Appellant,

    v.

DOUGLAS H. SHULMAN, Commissioner, Internal Revenue,

        Respondent - Appellee.

_____

On Petitions for Writ of Prohibition and Writ of Mandamus.
(XXX-XX-6194)

_____

Submitted:  March 24, 2009      Decided:  April 24, 2009

_____

Before SHEDD, DUNCAN, and AGEE, Circuit Judges.

_____

Petitions denied by unpublished per curiam opinion.

_____

James Joseph Mozingo, Petitioner/Appellant Pro Se.  Christine
Durney Mason, David I. Pincus, UNITED STATES DEPARTMENT OF
JUSTICE, Washington, D.C., for Respondent/Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Joseph Mozingo filed in this court a document, titled "Petition for Judicial Review of Determination by Administrative Agency." In it, he challenged the Notice of Federal Tax Lien filed by the Commissioner of Internal Revenue, and sought a writ of prohibition or a writ of mandamus. The Commissioner filed a motion to dismiss, asserting that this court does not have jurisdiction to directly review the issuance of a notice of federal tax lien. To the extent that Mozingo wishes for this court to review the Notice of Federal Tax Lien or the Commissioner's determination of Mozingo's tax liability, we lack jurisdiction to do so and grant the motion to dismiss in part. See 28 U.S.C. §§ 1291, 2342(3) (2006). Because we construe Mozingo's filing as a petition filed within this court's original jurisdiction, see 28 U.S.C. § 1651 (2006), we deny in part the motion to dismiss and address the filing as a petition for writ of prohibition and/or mandamus.

A writ of prohibition will not issue unless it "clearly appears that the inferior court is about to exceed its jurisdiction." Smith v. Whitney, 116 U.S. 167, 176 (1886). A writ of prohibition is a drastic remedy which should be granted only where the petitioner's right to the requested relief is clear and indisputable. In re Vargas, 723 F.2d 1461, 1468 (10th

2

Cir. 1983); In re Missouri, 664 F.2d 178, 180 (8th Cir. 1981). Further, a writ of prohibition should be granted only where the petitioner has no other adequate means of relief. In re Banker's Trust Co., 775 F.2d 545, 547 (3d Cir. 1985).

Here, we find that Mozingo has not established that he has a clear right to the relief he seeks. Moreover, Mozingo has other means by which to challenge the federal tax lien. Accordingly, to the extent that Mozingo seeks a writ of prohibition, we deny the petition.

Mozingo alternatively requested that this court issue a writ of mandamus requiring the Commissioner to provide him with documents, records, and authorities to support the determination of his tax liability. Mozingo has failed to show that he has a "clear right to the relief sought," as required for the granting of mandamus relief. See Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980). Moreover, as stated above, Mozingo has other means to obtain the relief he seeks. Thus, mandamus relief is not warranted. See In re United Steelworkers of Am., 595 F.2d 958, 960 (4th Cir. 1979).

In conclusion, we grant in part and deny in part the Commissioner's motion to dismiss, and we deny Mozingo's petitions for writs of prohibition and mandamus. We dispense with oral argument because the facts and legal contentions are

3

adequately presented in the materials before the court and argument would not aid the decisional process.

PETITIONS DENIED

4