**In re: Darren KEYS, Petitioner.**

No. 09–3534.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Rule 21, Fed. R.App. P.
Feb. 12, 2010.

Filed: March 3, 2010.

Darren Keys, Salters, SC, pro se.

Richard Mentzinger, Jr., Esq., Office of United States Attorney, Philadelphia, PA, for Defendants–Respondents.

Before: FUENTES, JORDAN and HARDIMAN, Circuit Judges.

OPINION

PER CURIAM.

Darren Keys, a federal prisoner proceeding pro se, filed a petition for a writ of mandamus. In his petition, he asks this Court to order the District Court to clarify its order assessing fees. For the reasons stated below, we will deny the petition.

In 2007, Keys initiated a civil action and applied for in forma pauperis status, which the District Court granted. The District Court informed Keys that pursuant to 28 U.S.C. § 1915, he must pay the full amount of the $350 filing fee in installments. Based on the financial information that Keys submitted, the District Court assessed an initial partial filing fee. In addition, the District Court instructed the Warden or the appropriate official to deduct from Keys's account, each time the balance in his inmate trust fund exceeds $10, an amount no greater than 20 percent of the money credited to his account during the preceding month and forward that amount to the Clerk of the Court.

In March 2008, after considering an unopposed motion to dismiss, the District Court dismissed Keys's complaint. Keys appealed, and this Court dismissed his action pursuant to 28 U.S.C. § 1915(e)(2)(B) because it lacked legal merit. *See* C.A. 08–1883. While the appeal was pending, partial filing fees continued to be deducted from Keys's prisoner account and noted on the District Court's docket.

In August 2009, Keys filed the instant petition for writ of mandamus or prohibition pursuant to 28 U.S.C. § 1651. Keys

alleged that the District Court repeatedly denied his motions to clarify its assessment order under 28 U.S.C. § 1915(b)(2), specifically as to how the Warden should comply with the fee assessment order.[1] Keys seeks mandamus relief from this Court to compel the District Court to clarify its assessment order.

Regardless of whether a prisoner seeks a writ of mandamus or a writ of prohibition, the appropriate inquiry is whether such an extraordinary remedy is available. *See In re Sch. Asbestos Litig.,* 921 F.2d 1310, 1313 (3d Cir.1990); *United States v. Santtini,* 963 F.2d 585, 594 (3d Cir.1992) (citing *In re Jackson County,* 834 F.2d 150, 151 (8th Cir.1987)). Before a writ will issue, the petitioner must establish that the writ is not being used as a substitute for the regular appeals process, that there is no alternative remedy or other adequate means to obtain the desired relief, and that the right to the relief sought is "clear and indisputable." *See Kerr v. United States District Court,* 426 U.S. 394, 403, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976); *see also In re Diet Drugs Prods. Liab. Litig.,* 418 F.3d 372, 378 (3d Cir.2005).

Keys has not shown that a writ should issue. He seeks to have the District Court's order regarding the fee assessment procedure clarified, yet the order is clear. To the extent that Keys really seeks review of how the order is being enforced, mandamus action by this Court is not appropriate at this time. We cannot say, based on our review of the District Court's docket, that Keys has shown a "clear and indisputable" right to such relief.[2] The District Court is in a much better position than we are to examine whether its assessment order is being

properly executed by the Warden or other prison official. Accordingly, rather than seeking mandamus relief in this Court, Keys should make an appropriate and specific request to the District Court, and if necessary, utilize the regular appeals process. Keys may also consider utilizing the prison's internal grievance procedures, if he has not already done so. The petition for a writ is denied.

---

1. The District Court's docket reflects that Keys has filed numerous other motions regarding the status of his account and the collection of filing fees. The District Court has denied each of Keys's motions.

2. Based on a cursory review of the docket, some notations appear atypical or irregular.