**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-1568**

In Re:  SALEEM PORTER,

            Petitioner.

On Petition for Writ of Prohibition.
(3:01-cr-00272-RLW-1)

Submitted:  December 16, 2010      Decided:  December 22, 2010

Before GREGORY, DUNCAN, and DAVIS, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Saleem Porter, Petitioner Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Saleem Porter petitions for a writ of prohibition, seeking an order preventing District Judge Richard L. Williams from punishing him for any violation of his supervised release. Porter argues that he should not have to serve any term of supervised release because, he alleges, the district court failed to inform him about supervised release at his guilty plea hearing. We conclude Porter is not entitled to relief.

A writ of prohibition should not issue unless it "clearly appears that the inferior court is about to exceed its jurisdiction." Smith v. Whitney, 116 U.S. 167, 176 (1886). Because it is a drastic remedy, a writ of prohibition should only be granted when the petitioner's right to the requested relief is clear and indisputable, In re Vargas, 723 F.2d 1461, 1468 (10th Cir. 1983); In re Missouri, 664 F.2d 178, 180 (8th Cir. 1981), and there are no other adequate means of relief. In re Bankers Trust Co., 775 F.2d 545, 547 (3d Cir. 1985). A writ of prohibition may not be used as a substitute for the normal appellate process. Missouri, 664 F.2d at 180.

The record reveals that Porter has filed in the district court a petition for a writ of error coram nobis contesting the imposition of his term of supervised release. Therefore, although we grant leave to proceed in forma pauperis, we deny Porter's petition for a writ of prohibition. We

2

dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED