BLD-100                                                            NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4648
_____

IN RE:  CHARLES E. JACKSON,
                                                            Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Crim. No. 2-10-cr-00388-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
January 26, 2012
Before:  SCIRICA, SMITH and CHAGARES, Circuit Judges

(Filed: February 9, 2012 )
_____

OPINION OF THE COURT
_____

PER CURIAM.

        The petitioner, a criminal defendant proceeding pro se in the United States District

Court for the Eastern District of Pennsylvania, requests that we compel the District Court

to rule on his pretrial motions to dismiss the indictment.  We decline to do so.

        "The remedy of mandamus is properly invoked only in extraordinary situations."

In re Complaint of Bankers Trust Co., 775 F.2d 545, 547 (3d Cir. 1985).  A party seeking

mandamus must show that he has "no other adequate means to attain the relief he

desires" and that his right to the writ is "clear and indisputable." Kerr v. U.S. Dist. Ct. for N. Dist. of Cal., 426 U.S. 394, 403 (1976) (citations omitted). Even with a successful showing, the decision to issue the writ rests on the Court's exercise of its discretion. United States v. Ferri, 686 F.2d 147, 152 (3d Cir. 1982).

Our review of the District Court docket reveals that the petitioner, who sought several continuances and eventually decided to proceed pro se, filed an "Omnibus Pretrial Motion" in mid-November of 2011. See ECF No. 89. Since that time, he has filed numerous other pretrial motions, generating a steady flow of paper through December and into January—well past the December 28, 2011 filing date of his mandamus petition. See, e.g., "Motion for Employment Records of F.B.I. Agents and Memorandum of Law," ECF No. 111 (filed Jan. 13, 2012). More than one document references the dismissal of the indictment, and all were filed rather recently. See, e.g., ECF Nos. 89, 92, 104. The record further demonstrates that the Government has responded to many of these motions.

We see no indication that the District Court has "refused to act on a motion within its jurisdiction." Cofab, Inc. v. Phila. Joint Bd., Amalgamated Clothing & Textile Workers Union, 141 F.3d 105, 110 (3d Cir. 1998). No significant amount of time has elapsed that would suggest any abdication of jurisdictional responsibility. We are confident that the District Court will rule on outstanding motions in a timely manner.

Accordingly, the petition for a writ of mandamus is denied.

2