**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-1993**

In Re: ALAN PITTS; SENECA NICHOLSON, a/k/a Seneca Nicholson-Pitts; DERYL VON WILLIAMS,

Petitioners.

On Petition for Writ of Mandamus and Writ of Prohibition.
(5:12-cv-00343-D; 5:13-cv-00116-D)

Submitted: October 7, 2013          Decided: October 23, 2013

Before WILKINSON and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

Alan Pitts, Seneca Nicholson, Deryl Von Williams, Petitioners Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alan Pitts, Seneca Nicholson, and Deryl Von Williams ("Petitioners") petition for a writ of mandamus or a writ of prohibition, complaining of error in the district court's dismissal of their 2012 civil action and improper case management in their 2013 civil action. For the reasons that follow, we deny the petition.

In 2012, Petitioners filed a civil action in the district court, raising claims under the Voting Rights Act of 1965 ("VRA"), 42 U.S.C. §§ 1971, 1973, 1973c (2006), and 42 U.S.C. §§ 1983 and 1985 (2006) regarding municipal elections in Henderson, North Carolina. Petitioners claimed in the action that Defendants failed to pre-clear certain voting changes, in violation of section five of the VRA, and requested that a three-judge court preside over the case. Several Defendants moved to dismiss the complaint, and, in December 2012, a single judge in the district court determined that Petitioners had not obtained proper service of process over the moving Defendants. The judge also determined that the remaining Defendants sued had not been served within 120 days of the filing of the complaint. Accordingly, the judge granted the motions to dismiss, dismissed the complaint against the moving Defendants without prejudice for lack of jurisdiction, and dismissed the complaint against the Defendants who had not been served without prejudice for

2

lack of jurisdiction. Because the judge determined that the district court lacked jurisdiction in the case, the complaint was not referred to a three-judge court for adjudication.

Petitioners did not appeal the district court's rulings. Instead, Petitioners refiled their complaint and request for adjudication by a three-judge court in February 2013. Several Defendants moved to dismiss the complaint. That motion is pending in the district court.

In their petition for a writ of mandamus or prohibition, Petitioners complain of error in the district court's dismissal of the 2012 complaint and "improper case management" in the 2013 action and request that we issue a writ of mandamus or prohibition directing the district court to convene a three-judge court, "reconsider the dismissal of" the 2012 complaint, and "validate service of process in" that action. Petitioners request further that we stay proceedings in the district court pending our consideration of their petition.

A writ of mandamus and a writ of prohibition are drastic remedies to be used only in extraordinary circumstances. Kerr v. U. S. Dist. Court, 426 U.S. 394, 402 (1976) (writ of mandamus); In re Vargas, 723 F.2d 1461, 1468 (10th Cir. 1983) (writ of prohibition). The writs traditionally have been used in the federal courts "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to

3

exercise its authority when it is its duty to do so." United States v. Moussaoui, 333 F.3d 509, 516 (4th Cir. 2003) (internal quotation marks omitted) (addressing a writ of mandamus); In re Missouri, 664 F.2d 178, 180 (8th Cir. 1981) ("A writ of prohibition affords an expeditious and effective means of confining an inferior court to a lawful exercise of its prescribed jurisdiction or compelling a court to exercise its authority." (internal quotation marks omitted)). To obtain relief, the petitioner "bears the burden of showing that his right to issuance of the writ is clear and indisputable," Moussaoui, 333 F.3d at 517 (internal quotation marks and alteration omitted), and that he has "no other adequate means to attain the relief he desires." Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980). Neither mandamus nor prohibition may be used as a substitute for appeal. In re Lockheed Martin Corp., 503 F.3d 351, 353 (4th Cir. 2007); Vargas, 723 F.2d at 1468.

Petitioners are not entitled to the issuance of a writ of mandamus or a writ of prohibition. The writs are not substitutes for an appeal, and Petitioners could have obtained relief for any reversible error in the district court's dismissal of their 2012 complaint by appealing that dismissal to this court. Petitioners, however, did not do so. Further, Petitioners do not point to any evidence or authority supporting

4

the conclusion that they have a clear right to relief in the form of an order from this court directing the district court to convene a three-judge court, reconsider its dismissal,[*] or "validate" service of process in the 2012 action. With respect to the 2013 action, Petitioners fail to identify the case management improprieties underlying their request for mandamus or prohibition relief and thus fail to establish that their right to such relief is clear and indisputable.

Accordingly, although we grant leave to proceed in forma pauperis, we deny the petition for a writ of mandamus or a writ of prohibition. We also deny as moot Petitioners' motion seeking a stay of the district court's proceedings pending our consideration of the petition. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED

---

[*] Moreover, we observe that, to the extent Petitioners may be entitled to relief from the district court's 2012 dismissal decision under the parameters of Fed. R. Civ. P. 60(b) (listing six categories of reasons for obtaining relief from a final judgment, order, or proceeding), they may file a motion to that effect in the district court and appeal any adverse decision to this court.

5